### SPARKS v. ENGLAND et al.
### No. 11648.

Circuit Court of Appeals, Eighth Circuit.

July 25, 1940.

580

Henry Warten, of Joplin, Mo., for appellant.

R. H. Davis, of Joplin, Mo. for appellees.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

The court below dismissed the complaint of appellant (plaintiff) upon the ground that it failed to disclose that an amount sufficient to confer jurisdiction was in controversy. From the resulting judgment, the plaintiff appeals.

In her complaint, after asserting diversity of citizenship and that the amount in controversy exceeded $3,000, she alleged, in the first count, that she owned a cemetery lot in Jasper County, Missouri, and that in December, 1937, or January, 1938, the defendants (appellees) unlawfully entered upon her lot and dug up and carried away a tombstone worth $50. In this count she

prayed for statutory damages of treble the value of the tombstone. In the second count she incorporated the allegations of the first count by reference, and then alleged that the defendants wilfully and unlawfully entered upon her lot and "unlawfully dug up and removed from said burial lot the monument or tombstone from over the grave of plaintiff's deceased mother, and desecrated the graves of plaintiff's deceased kin by trampling, defacing, and digging into the same, to the great damage of the plaintiff in intense bodily suffering and pain and distress of mind, humiliation and suffering from outraged feelings in the sum of Two Thousand ($2,000.00) Dollars." In this second count plaintiff asked for $2,000 compensatory damages and $1,000 exemplary damages. In the third count the plaintiff incorporated by reference the allegations of the first and second counts and alleged that her mother died in 1934 and was buried in plaintiff's lot; that shortly thereafter plaintiff purchased from defendants a tombstone for her mother's grave, and that the defendants made and installed it, and that it remained in place for more than a year; that in December, 1937, or January, 1938, the defendants unlawfully and wilfully entered upon the lot, dug up and carried away the tombstone, and thereafter surreptitiously, without plaintiff's knowledge, wilfully and unlawfully reentered upon the lot and placed over her mother's grave an inferior tombstone which plaintiff had not ordered; that the presence of this inferior tombstone is a constant reminder of the desecration of her mother's grave by the defendants, and plaintiff continues to suffer humiliation, pain and distress of mind because of the presence of this inferior stone. In the third count the plaintiff asks for $2,000 compensatory damages and $1,000 exemplary damages.

It therefore appears that plaintiff seeks $150 damages on account of the removal of the tombstone first mentioned, $2,000 compensatory damages and $1,000 exemplary damages for wilful trespass and desecration of graves committed when this tombstone was taken up and removed, and $2,000 compensatory damages and $1,000 exemplary damages for the wilful trespass committed in connection with the substitution of the inferior tombstone. The total damages demanded are $6,150. That is the amount the plaintiff claims the defendants owe her because of their allegedly wilful and unlawful acts.

The defendants moved to dismiss the plaintiff's complaint upon the ground that the court was without jurisdiction, "the petition not stating facts sufficient to authorize a recovery of a sum of money within the jurisdiction of the court." The court was of the opinion that the plaintiff could not recover for injury to her feelings occasioned by the acts of the defendants, and therefore granted the motion to dismiss.

The plaintiff argues that under the law of Missouri it would be possible for her to recover more than $3,000 damages for the injuries occasioned by the wilful torts which constitute the basis of the claim asserted in her complaint. The defendants argue that under the laws of that State she could not recover any damages for mental suffering, and that therefore it would be impossible for her to recover a judgment for an amount which would give the federal court jurisdiction. The defendants do not contend that there is any statute of Missouri which would preclude the plaintiff from recovering damages for mental suffering proximately caused by such acts as are alleged in her complaint or that the Supreme Court of Missouri has ever ruled upon the question of the right to recover such damages under a state of facts exactly similar to that described in the complaint. The contention of the defendants is that under the law of Missouri such damages cannot be recovered unless the acts of the defendants were accompanied by physical injury or unless they were characterized by malice, insult, wantonness or inhumanity or were done with intent to humiliate or degrade, and that plaintiff has only alleged that the acts of the defendants were wilful and unlawful. We shall not attempt to decide what the rule in Missouri is upon this subject, because we think it is unnecessary to do so in passing upon the question of jurisdiction.

 The Rules of Civil Procedure do not require that a plaintiff shall plead every fact essential to his right to recover the amount which he claims. The requirement is, "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for judgment for the relief to which he deems himself entitled." Rule 8(a) (2) and (3), 28 U.S.C.A. following § 723(c). The appendix of forms accompanying the rules illustrates how simply a claim may be pleaded and with how few factual averments. This Court has con-

sistently disapproved of the practice of terminating litigation, believed to be without merit, by the dismissal of complaints for informality or insufficiency of statement. See Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302, 305. If it is conceivable that, under the allegations of his complaint, a plaintiff can, upon a trial, establish a case which would entitle him to the relief prayed for, a motion to dismiss for insufficiency of statement ought not to be granted. See and compare Donnelly Garment Co. v. International Ladies' Garment Workers' Union, 8 Cir., 99 F.2d 309, 312; Leimer v. State Mutual Life Assurance Co., supra.

 Under the allegations of her complaint, the plaintiff would be entitled to prove the exact circumstances under which the alleged acts of the defendants were committed, and if her evidence disclosed that such acts were done in such a way or were of such a character as would entitle her to have damages for mental suffering, her failure to allege wantonness, malice, inhumanity or intent to humiliate and degrade would not, we think, defeat her right to recover such damages. The assertion by plaintiff of wilful trespass upon her burial lot and the desecration of graves, together with her demand for damages for mental suffering and punitive damages was adequate notice to the defendants and to the court below that she claimed, and intended to prove, that the acts of the defendants were committed under circumstances and were of a character which would entitle her to recover such damages. It is true, of course, that a plaintiff has the burden of alleging with sufficient particularity the facts creating jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc., v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; but in the case at bar the plaintiff left no uncertainty as to the amount of her claim and little uncertainty as to the basis for making it. The fact that the defendants differ with her as to her right to damages, as to the proper measure of damages, and as to the sufficiency of the averments of her complaint to entitle her to the damages claimed, would not affect the jurisdiction of the court to hear and to determine the controversy between the parties as to the facts and the law. See and compare Thompson v. Terminal Shares, 8 Cir., 89 F.2d 652, 655.

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845. See and compare Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729; Miller-Crenshaw Co. v. Colorado Mill & Elevator Co., 8 Cir., 84 F.2d 930; Simecek v. United States National Bank, 8 Cir., 91 F.2d 214; Kimel v. Missouri State Life Ins. Co., 10 Cir., 71 F.2d 921.

 From the face of plaintiff's complaint, we think it does not appear to a legal certainty that the plaintiff cannot recover an amount sufficient to confer jurisdiction. Therefore the court below was not without jurisdiction to try the case and to determine the issues of fact and the issues of law upon the merits. The question of the proper measure of damages is, we think, an issue of law to be determined when the plaintiff's evidence is in. If it then conclusively appears that, as a matter of law, the plaintiff is not entitled to recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 183, 56 S.Ct. 780, 80 L.Ed. 1135. The plaintiff may not, when her case is tried, be able to establish her claim or to sustain her theory of the law as to damages, but it cannot be said, from the face of the complaint, that to a legal certainty her claim is without substance or that it is made in bad faith.

The judgment is reversed.