## COHEN v. UNITED STATES.
### No. 12141.

Circuit Court of Appeals, Eighth Circuit.
Aug. 3, 1942.

734

L. Gilbert Cohen, pro se.

John W. Graff, Asst. U. S. Atty., of St. Paul, Minn. (Victor E. Anderson, U. S.

Atty., and Earl R. Larson, Asst. U. S. Atty., both of St. Paul, Minn., on the brief), for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by appellant as plaintiff to recover compensation alleged to be due him for services performed for the Works Progress Administration. We shall refer to the parties as they appeared in the trial court.

Defendant filed a motion to dismiss the complaint, which was sustained, and the judgment appealed from was thereupon entered. The complaint alleges that the action is brought under the Federal Emergency Relief Appropriation Act of 1938, Sec. 9, 52 Stat. 812, 15 U.S.C.A. §§ 721–728, and Administrative Orders Nos. 44 and 48 of the Works Progress Administration; that plaintiff was duly certified as eligible for work relief as required by statute and said administrative orders; that he was given work on October 22, 1932 and assigned to fit men's clothing, and continued such work until March 29, 1939; that he worked 924 hours, for which he was entitled to receive the sum of $785.40; that he was not paid the wages due him under the provisions of the statutes and the regulations, "which regulations and laws provide for wages based on the prevalent hourly wage scale and that classifications be made according to occupational titles." It is then alleged that there was due plaintiff the sum of $357.27, the difference between the wages paid and the amount he is entitled to receive as provided by statute and regulations.

To this complaint the defendant interposed a motion to dismiss on the following grounds: (1) that the court lacks jurisdiction because Congress has given no consent to be sued in the Act of Congress cited in Paragraph II of the complaint; (2) that the court lacks jurisdiction to review the administrative actions of the head of a department of an agency of the United States; (3) that the complaint fails to state a cause of action against defendant upon which relief can be granted.

Although the case was submitted to the court upon this motion to dismiss presenting only questions of law, the court entered findings of fact and conclusions of law. In the findings it is recited that the motion to dismiss "is made upon the complaint, the grounds set out in the motion to dismiss and the certified records, all of which papers and records are on file herein." The court found that Title 1, Section 1 of the Emergency Relief Appropriation Act of 1938, 15 U.S.C.A. §§ 721–728, authorized the President of the United States to expend not to exceed the sum of $25,-000,000 for the purpose of providing direct relief for needy persons; that by Presidential Letter No. 2099, dated June 21, 1938, the Administrator of the W.P.A. was authorized to expend not to exceed the sum of $10,000,000 for the purchase of clothing for direct relief to needy persons; that by Executive Order No. 7092, dated July 3, 1935, the President authorized the heads of the Emergency Relief Agencies to classify the positions of the employees in the Emergency Relief Agencies and fix their rates of compensation, either in accordance with the salary schedule contained in Presidential Executive Order No. 6746, dated June 21, 1934, or in accordance with the provisions of the Classification Act of 1923, as amended, 5 U.S.C.A. § 661 et seq.; that on October 22, 1938, plaintiff was employed in connection with the distribution of the mentioned clothing and classified as a clothing handler; that the rate of pay of plaintiff was fixed at $75 per month, or $900 per annum; that he was paid from the general administrative funds authorized by Section 1(1)(a) of said Act; that the employment of plaintiff was terminated on March 29, 1939; that he was carried on the pay roll until April 13, 1939; that at no time during his employment did he question his classification or his rate of pay. The court concluded as a matter of law that the appropriation for the purchase of clothing was for direct relief for needy persons and not intended for the prosecution of a project to create work for the unemployed; that the classification of plaintiff and his rate of pay were matters for administrative action; that the court was without jurisdiction to review this administrative action; and that the plaintiff had failed to state a cause of action against the defendant upon which relief could be granted.

As already observed, this case was presented to the trial court upon a motion to dismiss because of the alleged failure of the complaint to state a claim upon which relief could be granted. Rule 12(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This motion sup-

planted the general demurrer in an action at law and admits, for the purpose of the motion, all facts which are well pleaded. There was no answer interposed and no evidence introduced, nor was any opportunity afforded plaintiff to introduce evidence in support of the allegations of his complaint. Although the court made findings of fact and conclusions of law, the only facts which the court could properly have considered were those appearing in the complaint, supplemented by such facts as the court judicially knew. While the court must accept as true all well pleaded facts, the motion does not admit facts which the court will take judicial notice are not true, nor does the rule apply to legally impossible facts, nor to facts inadmissible in evidence, nor to facts which appear by a record or document included in the pleadings to be unfounded. Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111; Polk Co. v. Glover, 305 U.S. 5, 59 S.Ct. 15, 83 L.Ed. 6; Cooper v. O'Connor, 71 App.D.C. 6, 107 F.2d 207, 209. The motion here does not on its face purport to be a "speaking motion," yet if such a motion were permissible, we might, in view of the record, assume that the motion had been amended. In Cooper v. O'Connor, supra, the United States Court of Appeals for the District of Columbia said: "Upon a defendant's motion to dismiss, the court may consider only the allegations of the bill. These alone, under such a motion, are to be taken as true. The trial court also could not consider, and we cannot consider, the new matter set up in the defendants' motion to dismiss the bill. To the extent that that motion contained new matter it was a 'speaking demurrer.'"

In Polk Co. v. Glover, supra [305 U.S. 5, 59 S.Ct. 17, 83 L.Ed. 6], the Supreme Court had before it a case in which certain defendants filed answers putting in issue the allegations as to the injurious operation of a statute, and they also moved to dismiss the bill upon the ground that it failed to state a cause of action. On the application for interlocutory injunction affidavits were submitted, and in considering the motion to dismiss the court considered these affidavits. In holding that the District Court erred in dismissing the bill, the court said: "Plaintiffs did not submit the case to be decided upon the merits upon the bill, answers and affidavits. Defendants' motion to dismiss, like the demurrer for which it is a substitute (Equity Rule 29 [28

U.S.C.A. § 723 Appendix]) was addressed to the sufficiency of the allegations of the bill. For the purpose of that motion, the facts set forth in the bill stood admitted. For the purpose of that motion, the court was confined to the bill and was not at liberty to consider the affidavits or the other evidence produced upon the application for an interlocutory injunction. But the findings of the court indicate that that evidence, in part at least, underlay the final decree it entered."

In the instant case there would seem to have been no occasion for findings of fact or conclusions of law. Nothing in the complaint warranted the finding that plaintiff was employed and classified as a clothing handler. Nothing in the complaint warranted the finding that plaintiff was paid from the general administrative funds authorized by Section 1(1)(a) of said Act. No allegation of the complaint warranted the finding that at no time during his employment did the plaintiff question his classification or his rate of pay. When a motion to dismiss is interposed the complaint must be construed in the light most favorable to the plaintiff, and it should not be dismissed if it is reasonably conceivable that at the trial the plaintiff might establish a cause of action. Leimer v. State Mutual Life Assur. Co., 8 Cir., 108 F.2d 302; Sparks v. England, 8 Cir., 113 F.2d 579. The statutes and the regulations of the Works Progress Administration of which the court might take judicial notice, considered in connection with the allegations of the complaint, do not warrant the dismissal of plaintiff's complaint. Whether the plaintiff was a project worker or an administrative worker can not be determined from an inspection of the complaint. Either of these theories may be available if supported by proof. The complaint states a cause of action for the balance of wages due. Plaintiff may be able to show that he was not paid the wages due him according to his classification. So far as pleadings are concerned, it is open to him to prove that he was classified as a clothing fitter and paid as a clothing handler. We agree with the trial court in its conclusion that the court can not set aside in this collateral proceeding administrative regulations or rules. Love v. United States, 8 Cir., 108 F.2d 43. Full recognition and conclusive effect should be given to the action taken by the administrative authorities carrying out the will of Congress.

Lynch v. Bernal, 9 Wall. 315, 76 U.S. 315, 19 L.Ed. 315; Hanson v. Hoffman, 10 Cir., 113 F.2d 780. The administrative task of classifying plaintiff and of determining the proper wage scale for his classification can not be revised in this action, but, as above noted, the allegations of the complaint are such that he may be able to prove that he was in fact classified as a clothing fitter but was not paid in accordance with that classification.

It is contended by defendant that plaintiff's receipt of compensation without protest, in the absence of fraud or duress, will preclude his right of recovery. The question is not properly before us because it does not appear from the complaint that he received compensation without protest or objection. However, that question will doubtless be presented on retrial of the action. Great reliance is placed upon the decision of the Supreme Court in United States v. Garlinger, 169 U.S. 316, 319, 18 S.Ct. 364, 366, 42 L.Ed. 762. The scope of that decision, however, is very restricted. The court, among other things, said: "We do not want to be understood as saying that the mere fact of receiving money in payment will estop a creditor."

In that case the plaintiff had performed extra services, but had received all the compensation to which he was entitled under Acts of Congress. In the instant case the question is whether plaintiff has received what was due him. It is possible that facts may be developed which might preclude recovery. On the other hand, equitable considerations might arise to prevent defendant from insisting that plaintiff had been paid in full. The opinion in United States v. Garlinger, supra, suggests fraud and duress as equitable factors, but other factors might be presented, such as mutual mistake or a relationship of trust and confidence. As to that issue the inquiry must be conducted with the benefit of the light that may be thrown upon it by full disclosure of the facts. Rule 8(c) of the Rules of Civil Procedure requires that accord and satisfaction, estoppel, fraud, payment, release, waiver, "and any other matter constituting an avoidance or affirmative defense" must be set forth affirmatively. If this is to be an issue, defendant must answer the complaint before it can be heard upon it.

The judgment appealed from is therefore reversed, and the cause remanded, with directions to grant plaintiff a new trial.