**DENNIS et al. v. VILLAGE OF TONKA BAY et al.**

No. 13130.

Circuit Court of Appeals, Eighth Circuit.

Oct. 24, 1945.

F. A. Whiteley, of Minneapolis, Minn., for appellants.

Ernest Malmberg, of Minneapolis, Minn. (Malmberg & Nelson, of Minneapolis, Minn.), for appellees.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from an order which denied a motion of the plaintiffs (appellants) for a preliminary injunction and granted the motion of the defendants to dismiss the action. The action is one to enjoin the defendants, The Village of Tonka Bay and its officers, from enforcing a zoning ordinance of the Village in so far as the ordinance prevents the plaintiffs from using a narrow strip of shore land on Lake Minnetonka, within the limits of the Village, for the business of renting boats. Briefly, the claim stated in the plaintiffs' complaint is that they have been engaged in that business; that they

had intended to use for a boat-renting station this strip of shore land, belonging to the plaintiff Grace E. Dennis, which is usable and valuable only for that purpose; that the Village enacted a zoning ordinance which classified the strip as residence property and prohibited its use for any other purpose without a permit from the Village Council; that the plaintiffs were denied such a permit to use the land for their business of renting boats; that the land is valueless and unsuitable for residence purposes; that the ordinance, in so far as it affects the land in suit, is arbitrary and unreasonable and deprives the plaintiffs of property without due process of law and denies them the equal protection of the law, in violation of the Fourteenth Amendment to the Constitution of the United States.

The plaintiffs made a motion for a preliminary injunction, supported by affidavits. These affidavits tended to show that the zoning ordinance was arbitrary and unreasonable in so far as it affected the property in suit. The defendants moved to dismiss the action upon the grounds that the court was without jurisdiction and "That the complaint does not state facts sufficient to constitute a cause of action against these defendants or either of them." The defendants also filed counter affidavits in resistance to the motion of the plaintiffs for a preliminary injunction. The plaintiffs filed answering affidavits.

■ The motion for a preliminary injunction and the motion to dismiss were heard together. The District Court correctly ruled that it had jurisdiction of the action as one arising under the Constitution of the United States. Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 386, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016; American Wood Products Co. v. City of Minneapolis, D.C. Minn., 21 F.2d 440, 443, affirmed, 8 Cir., 35 F.2d 657, 660. The District Court denied the motion of the plaintiffs for a preliminary injunction, and granted the motion of the defendants to dismiss the action on the ground that the complaint did not state facts sufficient to constitute a cause of action.

■■ The motion for a preliminary injunction was addressed to the sound judicial discretion of the District Court. See Pratt v. Stout, 8 Cir., 85 F.2d 172, 176, 177, and cases cited. The motion presented the question whether, during the pendency of the action, in order to prevent irreparable injury to the plaintiffs, the defendants should be restrained from enforcing the ordinance with respect to the land in suit. The affidavits filed in connection with the plaintiffs' motion showed that the land had not been used by them for commercial purposes prior to the enactment of the ordinance or prior to the commencement of the action, and that to grant the injunction would change, rather than preserve, the status which existed at the time the action was started. The District Court did not abuse its discretion in denying the motion for a preliminary injunction.

■ The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, govern the practice in the District Courts of the United States. Those rules do not in terms require that a complaint shall state facts sufficient to constitute a cause of action. The Rules provide that the complaint shall contain (in addition to the necessary averments to show jurisdiction) "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief to which he deems himself entitled." Rule 8(a). The appendix of forms accompanying the rules demonstrates how simply and informally a claim may be pleaded and how few factual averments are necessary. Rule 12(b) authorizes a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Such a motion is a substitute for the former demurrer in actions at law and for the motion to dismiss for want of equity in suits in equity. Under the present practice in the District Courts of the United States, a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, admits the existence and validity of the claim as stated, but challenges the plaintiff's right to relief. Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302, 305. This Court has said that there is no justification for dismissing a complaint for insufficiency of statement unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. Leimer v. State Mutual Life Assurance Co., supra, at page 306 of 108 F.2d. See, also, Sparks v. England, 8 Cir., 113 F.2d 579, 581, 582; Cohen v. United States, 8 Cir., 129 F.2d 733, 736; Louisiana Farmers' Protective Union v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419, 423, 424; Musteen v.

Johnson, 8 Cir., 133 F.2d 106, 108; Publicity Building Realty Corporation v. Hannegan, 8 Cir., 139 F.2d 583, 586; Cool v. International Shoe Co., 8 Cir., 142 F.2d 318, 320. Compare, Bell v. Preferred Life Assurance Society, 320 U.S. 238, 241, 242, 64 S.Ct. 5, 88 L.Ed. 15. The defendants were not entitled to a dismissal of this action. The plaintiffs stated a claim upon which relief could be granted and asked for an appropriate remedy.

Counsel for appellants, during oral argument, in offering to permit this Court to decide this case upon the merits upon the present record, stated that his clients are persons of limited means who will have difficulty in meeting the expense of further litigation. It seems probable that if another appeal should be taken after this case has been tried and decided by the District Court, much that is contained in the present record and briefs could be used in the presentation of a second appeal. It may be understood that if a second appeal shall be taken, the parties may use those portions of the present record and briefs which are pertinent, and may supplement such records and briefs in so far as necessary in order adequately to present the questions raised on the second appeal.

The order of the District Court dismissing the action is reversed. The court is directed to reinstate the complaint and to try the case upon the merits. The appellants are entitled to their costs on this appeal.