48

**ANDREWS et al. v. HEINZMAN et al.**

Civ. No. 740.

District Court, D. Nebraska,
Lincoln Division.

Jan. 14, 1948.

Ray M. Higgins, of Grand Island, Neb., and Robert H. Wallis, of Long Beach, Cal., for plaintiffs.

Harold A. Prince, of Grand Island, Neb., for defendants.

DELEHANT, District Judge.

The plaintiffs, both citizens of California, bring this action against the defendants, both citizens of Nebraska, (although let it be observed at the outset that the plaintiffs'. pleading of the citizenship of the parties is only dubiously adequate) and seek in it to be adjudged to be the owners of shares and interests in certain lands and personal property said to be located within the territory of this division of the court and to have a value in excess of three thousand dollars.

In count I of the complaint, the plaintiffs allege that they are daughters, and the defendant, Scott Earl Heinzman is a son, and together, the three of them are the only heirs at law, of one Fred Heinzman, Jr., who died at Aurora, Nebraska about March 1, 1947, whose wife by a marriage occurring in 1921, though she survived him and still lives, has no interest in the property of his estate in consequence of a prenuptial contract, a copy of which is set out as an exhibit in the pleading; that in 1928, Fred Heinzman, Jr., fearing that in some manner his wife might acquire possession of some of his property either while he still lived or upon his death, and to intercept such a development, conveyed the described real estate, subject to a reserved life estate in himself, to the defendant, Scott Earl Heinzman, without consideration by a deed in which the wife of Fred Heinzman, Jr., joined; that the deed of conveyance thus made was executed and delivered upon condition that the defendant, Scott Earl Heinzman, would reconvey the property described in it to Fred Heinzman, Jr., upon the latter's request, and in default of such request, would hold it upon and after the death of Fred Heinzman, Jr. in trust for himself and the plaintiffs in equal shares; that Fred Heinzman, Jr. was eighty-nine years of age at his death and for some unstated time theretofore had made his home with the defendant, Scott Earl Heinzman, who had access to his father's safe deposit box, acted as his business agent, borrowed money from him, failed to pay rentals due to him, and, through such transactions, became and was indebted to him at the time of his death; that the defendant, Maud Ellen Heinzman, wife of her codefendant, claims some interest in the real estate or in some of the personal property of Fred Heinzman, Jr., and, through her husband, may have possession of some of the personalty of the decedent; that since the death of their father the defendant, Scott Earl Heinzman, despite the demand therefor of the plaintiffs, has refused to convey equal one-third shares in the real estate to each of the plaintiffs or to account to them for rentals arising out of such real estate after the death of Fred Heinzman, Jr., for his indebtedness to his father on the latter's death, or for the latter's money or personal property in his possession.

In count II, the plaintiffs, upon information and belief, allege that in his lifetime and after conveying the real estate to his son, Fred Heinzman, Jr., executed a will, which has been either suppressed or lost or destroyed by some one other than the testator therein, which will, if produced and admitted to probate, would support the plaintiffs' contention touching the alleged obligation of Scott Earl Heinzman to convey to the plaintiffs interests in the land and to account to them for their father's personalty of all sorts.

Omitting for later reference the prayer's reference to the will, the plaintiffs seek a judgment of this court establishing their status as children, and as heirs of their father in equal shares with their brother defendant, impressing a trust upon the real estate for the equal benefit of the three children of Fred Heinzman, Jr., and requiring from the defendants an accounting of the money or other property of Fred Heinzman, Jr., in their control or the control of either of them, and of all money or rentals owed by them, or either of them, to the decedent at his death and for the rentals thereafter of the real estate, requiring the conversion into cash of all such items of personal property, moneys and securities and the payment of the proceeds thereof into court for the benefit of the plaintiffs,

with a contingent prayer for personal judgment against the defendants if they should fail to obey the court's equitable orders.

The foregoing assumes to be only an explanatory outline, not a comprehensive analysis, of the complaint, which includes many details not set down here.

The defendants have tendered, ostensibly under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a comprehensive motion to dismiss the complaint, in its several aspects. Counsel have submitted extended briefs upon the motion. The court is persuaded that the motion should be denied and overruled. But since the action will then remain pending for trial upon its merits, it seems fitting that only the broad reasons for the court's present ruling, and not a formal or comprehensive analysis of the authorities upon which counsel severally rely, should now be noted.

■■ On both sides, it is manifestly and correctly recognized that the applicable substantive law is that of Nebraska. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. But, without express assertion of the point, counsel argue the issues presented upon the motion to dismiss as if, procedurally, this court were somehow committed to the usages in that phase of the law of the Nebraska courts. That, of course, is not the case. A motion to dismiss for failure to state a claim on which relief can be granted is not a mere survival in the federal court practice of the demurrer for failure to state a cause of action which the rules abolished.

■ Thus, the defendants, specifying, in respect of the several items of property within the reach of count I, the failure of the complaint to state a claim upon which relief can be granted, nevertheless argue in their briefs that it fails to state a cause of action within the definition of certain Nebraska authorities. But it need not do so in the strict sense in which a pleading tested by general demurrer under the Nebraska state practice is required to set out in detail the elements of a cause of action. As against a motion to dismiss a complaint in this court for failure to state a claim supporting relief, the complaint must be held sufficient if it is reasonably conceivable that within its allegations, evidence may be introduced and received which will support the grant of any relief in the plaintiff's behalf. Cohen v. United States, 8 Cir., 129 F.2d 733; Sparks v. England, 8 Cir., 113 F.2d 579; Leimer v. State Mutual Life Insurance Co., 8 Cir., 108 F.2d 302; Louisiana Farmers' Protective Union v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419; Musteen v. Johnson, 8 Cir., 133 F.2d 106; Cool v. International Shoe Co., 8 Cir., 142 F.2d 318; United States of America v. Association of American Railroads, D.C. Neb., 4 F.R.D. 510; Schwartzman v. United Air Lines Transportation Corporation, D.C. Neb., 6 F.R.D. 517. The court considers that the present complaint meets that test of adequacy. It decides no more than that; and does not intimate how far, if at all, the specific relief spelled out in its prayer may be granted if the plaintiffs should prevail upon the merits of the case. The court is not bound by, or limited to, the prayer of the complaint in the determination of the scope of its decree in the event of a recovery by the plaintiffs.

Brief mention may appropriately be made of some of the points urged by the defendants in support of their motion.

■ As to the real property it is argued that the alleged agreement of Scott Earl Heinzman to reconvey it upon demand, or to hold it in trust on his father's death, is void in the face of Nebraska's Statute of Frauds, Sections 36-103-104-404, R.S.Neb. 1943. But that assumes that the undertaking was not in writing and subscribed by the person to be bound by it. The assumption may be correct but it is not the imperative import of the complaint, which is broad enough to comprehend an agreement in writing, or one orally made, or one partly oral and partly in writing. The failure of the plaintiffs to allege that the agreement was written does not warrant this court— whatever a Nebraska state court might assume in the face of a general demurrer— in proceeding upon the inference that it was necessarily oral.

■ Besides, here, the statute of frauds is an affirmative defense which is required by Rule 8(c) to be affirmatively pleaded.

Whether it may ever be relied upon in support of a motion to dismiss need not be declared on this occasion. It certainly may not require the allowance of such a motion unless its inevitable operation clearly and affirmatively appears from the complaint at which the motion is aimed.

Whether, under Nebraska's law, a trust in respect of real estate, may arise "by implication or operation of law", R.S.Neb. 1943, § 36-104, in any instance where an attempt to erect an express trust must fail before the statute of frauds, need not—in fact, may not appropriately—be discussed now. It must apparently await the disclosure of the factual setting of the case.

But the defendants further argue that the complaint discloses the decedent's alleged deed to his son to have been a conveyance in fraud of the rights of his wife or a device to hinder her in their maintenance; and that, therefore, equity would have left Fred Heinzman, Jr. in his lifetime, and will now leave the plaintiffs who claim through him, where he placed himself, and may not grant relief. The basic premise of that argument is mistaken. The complaint also alleges that because of the prenuptial contract the wife was without any legal right or interest in Fred Heinzman, Jr.'s property. The reasonable inference most favorable to the complaint is that what he sought completely to thwart, and not merely to hinder, was not her assertion of a legal right in his property, but rather her acquisition through illicit means of some interest in, or control over, it, to which she was not entitled.

So far as the motion is aimed at the demand of the plaintiffs for an accounting of rentals arising from the real estate after the father's death, it has no more validity than it has in respect of the real estate itself. Those rents follow the land out of which they were derived. The court understands counsel for all parties to recognize that rule.

The motion asks the dismissal of the action so far as it seeks to reach any other personal property of Fred Heinzman, Jr., as of the time of his death, both for want of jurisdiction in this court (a) because such personalty is less in value than $3,-000.00 exclusive of interest and costs and (b) because the matter is exclusively within the jurisdiction of the County Court of Hamilton County, Nebraska; and for the failure of the complaint to state a claim in respect thereof upon which relief can be granted.

■ If there be any point in the denial of the jurisdictional amount, it raises a question of fact, upon which evidence is not yet presented. As to the other two questions, this court is fully aware of the limitation upon its own jurisdiction—and that of the district courts of the state of Nebraska —in matters involving the administration of estates. But, without further discussion, it may simply be observed that such limitation does not extend to the denial of the right of this court to make any order whatsoever touching administrable property, if due regard be had to the jurisdiction of the state's courts of probate and administration and to the rights and titles of executors and administrators, and the valid and persisting interests of creditors.

■ Finally, the motion prays for the dismissal of the second count in which reference is made to the alleged will, (a) for failure to state a claim upon which relief can be granted, and (b) for want of jurisdiction, because of the jurisdictional inadequacy of the amount in controversy, and because the matter set forth is within the exclusive jurisdiction of the County Court of Hamilton County, Nebraska.

All that the prayer of the complaint asks of this court in respect of the alleged will is "that the court adjudge that the defendants produce the last will and testament of Fred Heinzman, Jr. if it is in their possession or under their control or its whereabouts is known to either of them". No judgment in respect of its validity is sought. That seems to be recognized by the plaintiffs as the proper and exclusive function of the appropriate court of probate.

The court does not consider that the co-called count II actually states, or was designed to state, a claim separate or distinct from that averred in count I. It appears rather to point—whether properly or not need not now be determined—to an item of supposed evidence in support of the plain-

tiffs' principal claim. What the plaintiffs ask in respect of the alleged will could have been secured with equal assurance if it had not been mentioned at all in the complaint, or if the statements regarding it had been included in a single count with the other averments of their claim. The problem is one of evidence and discovery.

Thus understood, and because it can do no possible harm, the material will be allowed to remain in the complaint.