## SMITH et al. v. CUSHMAN MOTOR WORKS, Inc.
### Civ. No. 734.

District Court, D. Nebraska,
Lincoln Division.
June 3, 1948.

Herman Ginsburg, of Ginsburg & Ginsburg, all of Lincoln, Neb., for plaintiffs.

Robert M. Van Pelt, of Van Pelt, Marti & O'Gara, all of Lincoln, Neb., for defendant.

DONOHOE, District Judge.

This is an action for damages for an alleged breach of contract; requisite jurisdictional facts having been alleged, the initial presumption that this court is powerless to act is overcome. Pursuant to Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the defendant has moved to dismiss the complaint for insufficiency of statement. This court is of the opinion that such motion should be denied, but not without comment.

■ The contract, and its resultant breach which the plaintiffs will seek to establish, arises from a series of written communications between them, as the Vancouver Motor Scooter Sales, and an organization entitled "Cushman Overseas Company" of New York City, New York. These communications are set out as exhibits and appended to the complaint. The crux of the defendant's motion focuses upon the omission of any reference in these communications to the Cushman Overseas Company as being a part of, or an agent for, the defendant, Cushman Motor Works, Inc. There is some question whether the exhibits proporting to be true copies of these communications are exact reproductions. The plaintiffs assert that unintentionally part of the originals which would identify the defendant with the Cushman Overseas Company was omitted. Be that as it may, there is now no need to speculate upon the relationship obtaining between the defendant and the Cushman Overseas Company. The court is satisfied that the complaint is sufficient to permit proof thereunder of all facts essential to the plaintiffs' right to relief.

■ Under the rules of civil procedure, the complaint need state only a simple claim upon which relief may ultimately be granted. A statement of a cause of action in the complaint is not required. Motions such as is now presented are allowed only where it appears on the face of the complaint that ultimate relief cannot be granted. The most important part of a trial in this jurisdiction is the evidence, and the rules provide for simple procedure for the production and disclosure of the facts necessary—first for the preparation of an answer, and secondly in preparation for the trial.

■ This does not mean that this court is impervious to good pleadings; what formerly was considered good pleading is still favorably acknowledged as such. But without circumscribing the area into which a plaintiff must proceed before a motion to dismiss for insufficiency of statement will be denied, suffice it to say that the Eighth Circuit Court of Appeals has continually admonished a lower court not to dispose of a case solely upon the pleadings unless it appears with legal certainty that under any set of facts the plaintiff would not be entitled to relief. Sparks v. England, 8 Cir.,

113 F.2d 579; Louisiana Farmers' Protection Union v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419; Musteen v. Johnson, 8 Cir., 133 F.2d 106; Publicity Building Realty Corporation v. Hannegan, 8 Cir., 139 F.2d 583; Leimer v. State Farmers Mutual Life Assurance Co., 8 Cir., 108 F.2d 302; Cool v. International Shoe Co., 8 Cir., 142 F.2d 318; Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411. Tested by the principles announced in the foregoing authorities, it cannot now be stated with absolute finality that under any set of facts which the plaintiffs might prove, whether alleged or inferred, that they are entitled to no relief.

This court need not determine whether the complaint would stand as against a demurrer if this action were filed in a state court of Nebraska, as intimated by counsel for the defendant. Before the rules of civil procedure superseded the Conformity Act of 1872, 28 U.S.C.A. § 724, Sibbach v. Wilson & Co., Inc., 312 U.S. 1, 10, 61 S.Ct. 422, 85 L.Ed. 479, insistence upon such determination would have been permissible in actions of this character.

The motion therefore will be overruled. An exception will be allowed. In conformity with this memorandum, an order will be entered herein. The defendant will be allowed thirty days from the date hereof in which to file its answer.