TIEDEMAN et al. v. LOCAL 705, INTER-NATIONAL BROTHERHOOD OF TEAMSTERS et al.

No. 9870.

United States Court of Appeals Seventh Circuit.

Feb. 14, 1950.

Rehearing Denied April 11, 1950.

685

F. Patrick Conlon, Chicago, Ill., Thomas J. Sullivan, Chicago, Ill. for appellants.

Otto Kerner, Jr., U. S. Atty., John P. Lulinski, Asst. U. S. Atty., Chicago, Ill., I. Harvey Levinson, Daniel D. Carmell, Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, and DUF-FY and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

On April 1, 1946, the plaintiffs, O. G. Tiedeman and associates, filed their complaint in the District Court of the United States in and for the Northern District of Illinois, Eastern Division. The complaint was brought under the terms of the War Labor Disputes Act, 50 U.S.C.A.Appendix, § 1508. Defendants moved to strike the complaint or certain parts thereof.

On December 23, 1946, plaintiffs filed an amended complaint. On January 22, 1947, the defendants again filed their motion to dismiss the amended complaint, urging, in addition to other grounds for their motion, that the War Labor Disputes Act upon which the complaint was based, was unconstitutional. Judge Elwyn R. Shaw, of said district, on May 29, 1947, denied the defendants' motion to dismiss the amended complaint and ordered that the defendants answer the same within twenty days. Subsequently, on June 9, 1947, in order to give the Government an opportunity to file briefs in the constitutional question raised by the motion to dismiss, Judge Shaw vacated his order denying defendants' motion to dismiss. The Government was given until August 1, 1947, to file its briefs.

Judge Shaw became ill, and on October 6, 1947, the cause was transferred to the calendar of Judge John P. Barnes. The brief and argument of the Government in support of the constitutionality of the War Labor Disputes Act was filed on November 3, 1947, and on October 14, 1947, an order was entered setting hearing on defendants' motion to dismiss for November 10, 1947, and directing that the trial of the cause be set for December 16, 1947. The cause was stricken from the trial call by Judge Barnes on December 22, 1947, and on March 31, 1948, a memorandum was filed by Judge Barnes directing that Count 1 of the complaint be stricken with leave to amend, and that Count 2 be dismissed with leave to amend.

The plaintiffs filed their second amended complaint on June 30, 1948.

The defendants again filed their consolidated motions to dismiss the second amended complaint. Judge Barnes took the matter under advisement, and on December 23, 1948 entered a memorandum in which he found Counts 1 and 2 of the second amended complaint insufficient, and on January 27, 1949, entered an order that the second amended complaint be dismissed with prejudice.

The memorandum opinion of Judge Barnes states:

"Count one is insufficient because it fails to allege that the *transportation* in question by Tiedeman was 'found by the President of the United States as being contracted for in the prosecution of the war.'

"Count two is based upon a diversity of citizenship. Plaintiffs Edward J. Tiedeman, Francis L. Peacock, Joseph E. Hartung and Edward Miller are residents and

citizens of the State of Illinois. Accordingly, Count two is insufficient."

Plaintiffs-appellants concede on this appeal that Count two was properly dismissed but insist that the District Court erred in dismissing Count one with prejudice. Defendants-appellees have abandoned the contention that the War Labor Disputes Act is unconstitutional, but insist that Count one was properly dismissed by the trial court.

Therefore the chief question involved in this appeal is: Does Count one of the second amended complaint contain, in addition to the necessary jurisdictional averments, a statement of the facts, upon which plaintiffs base their claim for relief, and does it demand proper relief? Put in different language the question is: Does the Count state grounds for federal jurdisdiction and does it allege facts which sufficiently apprise defendants of the grounds upon which plaintiffs claim the relief prayed so that they may answer and prepare to contest the same?

We propose to consider, at the outset, the finding of the trial court, that the complaint fails to allege that the transportation by plaintiff was found by the President of the United States as being contracted for in the prosecution of the war.

Count one of the second amended complaint alleges: That the plaintiffs, doing business as Associated Freight Forwarders, were engaged in the transportation of commodities by motor vehicle over regular routes in the States of Illinois, Indiana, Ohio, and Pennsylvania, pursuant to authority granted by the Interstate Commerce Commission; that the plaintiff rendered transportation services to the armed forces of the United States and to war defense plants (enumerating some 6 or 7 plants); that said transportation services were rendered in carrying out the terms of certain war contracts entered into between the owners and operators of the plants and the Government of the United States of America, and pursuant to contracts for hire between the plaintiff and said owners or operators of the defense plants; that these services constituted 65% of plaintiffs' business; that among articles so transported were motors, copper, wire, electric prod-

ucts, steel products, oil, machinery, steel, springs, chemicals, valves and fittings, etc., *some or all of which were found by the President of the United States of America as being contracted for in the prosecution of the war;* that plaintiff, doing business as Associated Freight Forwarders, was on the aforesaid date, and immediately prior thereto, a war contractor within the meaning of the War Labor Disputes Act.

In our opinion the allegation quoted from Count one adequately meets the requirements of the Federal Rules of Civil Procedure, 28 U.S.C.A., so far as the objection made by the District Court is concerned.

In Dennis et al. v. Village of Tonka Bay et al., 8 Cir., 151 F.2d 411, on page 412, it was said: "The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, govern the practice in the District Courts of the United States. Those rules do not in terms require that a complaint shall state facts sufficient to constitute a cause of action. The Rules provide that the complaint shall contain (in addition to the necessary averments to show jurisdiction) 'a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief to which he deems himself entitled.' Rule 8(a). The appendix of forms accompanying the rules demonstrates how simply and informally a claim may be pleaded and how few factual averments are necessary. Rule 12(b) authorizes a motion to dismiss a complaint for 'failure to state a claim upon which relief can be granted.' Such a motion is a substitute for the former demurrer in actions at law and for the motion to dismiss for want of equity in suits in equity. Under the present practice in the District Courts of the United States, a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, admits the existence and validity of the claim as stated, but challenges the plaintiff's right to relief. Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302, 305. This Court has said that there is no justification for dismissing a complaint for insufficiency of statement unless it appears to a certainty

that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. Leimer v. State Mutual Life Assurance Co., supra, at page 306 in 108 F.2d; Sparks v. England, 8 Cir., 113 F.2d 579, 581, 582; Cohen v. United States, 8 Cir., 129 F.2d 733, 736; [Cf.] * * * Bell v. Preferred Life Assurance Society, 320 U.S. 238, 241, 242, 64 S.Ct. 5, 88 L.Ed. 15."

 Defendants-appellees in the brief filed in their behalf urge that the plaintiff did not allege that the defendants wilfully failed and refused to give notice to the Secretary of Labor, the National Labor Relations Board, and the National War Labor Board of the existence of a labor dispute between themselves and the plaintiff, and that the plaintiffs were damaged thereby and consequently insist that the complaint states no cause of action cognizable under the Act.

An examination of the complaint will again show that in paragraph 11 there are detailed the facts and circumstances from which a labor dispute arose between the plaintiffs, doing business as Associated Freight Forwarders, and the defendants, who are its employees. In paragraph 12, the complaint states that the defendants, having notice of the existence of the labor dispute, wilfully called a strike, and ceased their employment, and that the employees of the plaintiff refused to return to their employment, all in disregard of said section 8 of the said War Labor Disputes Act, and it is then alleged that all of said acts were committed *"without giving proper notice"* of a dispute between the plaintiff and the defendants to the Secretary of Labor, the National War Labor Board, and the National Labor Relations Board.

This allegation in our opinion sufficiently meets the contention of the defendants as to notice under the Act.

In the last paragraph of the complaint plaintiff charges that by reason of, and as a direct and proximate result of defendants' actions, the plaintiffs were damaged, and itemizes the actual amount of damage or loss incurred by each individual plaintiff. Consequently, we are of the opinion that

Count one of the complaint at bar stated a cause of action which sufficiently apprised defendants of what they were required to meet, and that the District Court erred in dismissing said Count with prejudice.

The order of the District Court dismissing Count one of the second amended complaint with prejudice is reversed and the cause remanded for further proceedings not inconsistent with this opinion.