McCLELLAN, Trustee et al. v. MONTANA–
DAKOTA UTILITIES CO.

Civ. No. 3518.

United States District Court
D. Minnesota, Fourth Division.

Feb. 5, 1951.

Milo V. Olson of Guthrie, Darling & Shattuck, Los Angeles, Cal., represented the plaintiff.

Armin M. Johnson of Faegre & Benson, Minneapolis, Minn., represented the defendant.

JOYCE, District Judge.

This matter is before the court on defendant's motion to dismiss a complaint seeking recovery of damages allegedly resulting from the defendant's violations of the Leasing Act, 30 U.S.C.A. § 185, the Natural Gas Act, 15 U.S.C.A. § 717, and the Sherman Antitrust Act, 15 U.S.C.A. §§ 1 and 2.

In brief, the complaint claims that defendant for the purpose of securing a monopoly and of restraining trade, violated the Leasing Act and the Natural Gas Act in that defendant refused to act as a common carrier of natural gas for a reasonable and non-discriminatory rate; that plaintiff corporation, an owner or lessee of natural gas-bearing lands, was thereby prevented from distributing and selling natural gas; all to plaintiffs' damage in the amount of $13,000,000. Plaintiffs pray that this amount be trebled in accordance with 15 U.S.C.A. § 15.

Although most of the loss alleged to have been sustained was suffered in the years between 1930 and 1940, plaintiffs are proceeding on the theory that after the effective date of the Natural Gas Act, June 21, 1938, they could not bring any action until the Federal Power Commission had first determined that defendant's rate on file with the Commission was unreasonable, discriminatory, and therefore unlawful. This determination was made by the Commission acting on the petition of a stranger to the present action, and on the Commission's own initiative on March 22, 1946 was affirmed by that body after rehearing on January 29, 1947, was affirmed by the United States Court of Appeals for the Eighth Circuit on August 4, 1948, Montana-Dakota Utilities Co. v. Federal Power Commission, 169 F.2d 392, and a petition for a writ of certiorari addressed to the United States Supreme Court was denied by that body on October 25, 1948. 335 U.S. 853, 69 S.Ct. 82, 93 L.Ed. 401. Defendant filed a new rate on April 2, 1949.

After the effective date of the Natural Gas Act, the plaintiff corporation filed a petition before the Federal Power Commission asking that body to find that rates theretofore filed by defendant were unreasonable and discriminatory. Prior to any hearing on the matter, plaintiff corporation and defendant entered into an agreement whereby plaintiff released and discharged any past or future claim which it had, or might have, against defendant because of the latter's refusal to transport natural gas or to establish tariffs for the transportation of gas through its pipe lines. In accordance with the terms of this agreement, plaintiff corporation secured a dismissal of the petition before the Federal Power Commission. The complaint alleges that this release was obtained through duress, was lacking in consideration, and was void as against public policy.

Plaintiff corporation was adjudicated a bankrupt on June 7, 1943. The complaint in this action was filed October 25, 1950.

Defendant has moved for dismissal of plaintiffs' complaint upon the grounds that (1) the complaint fails to state a cause of action; (2) the damages sought to be recovered are too speculative; (3) the action is barred by the statute of limitations; (4) the action should be barred by plaintiffs' laches; (5) plaintiffs as a matter of law have no cause of action for recovery of treble damages under the Anti-trust laws of the United States; and (6) any cause of action which plaintiffs might have had under the facts alleged is barred by the release.

■ With respect to the first two grounds alleged, failure to state a cause of action, and speculative damages, this

court's course must be dictated by what the Court of Appeals for the Eighth Circuit has said with respect to dismissal of complaints. Judge Sanborn, speaking for the court in Woods v. Hillcrest Terrace Corp., 8 Cir., 170 F.2d 980, 984, had the following to say: "This Court has repeatedly said that there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim pleaded. Leimer v. State Mutual Life Assur. Co., 8 Cir., 108 F.2d 302, 306; Sparks v. England, 8 Cir., 113 F.2d 579, 581, 582; Cohen v. United States, 8 Cir., 129 F.2d 733, 736; Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419, 423, 424; Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108; Publicity Building Realty Corporation v. Hannegan, 8 Cir., 139 F.2d 583, 586; Cool v. International Shoe Co., 8 Cir., 142 F.2d 318, 320; Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411, 412; Montgomery Ward & Co., Inc., v. Langer, 8 Cir., 168 F.2d 182, 185."

For present purposes it is sufficient to note that this court does not find the "certainty" which the rule above quoted requires. Similarly, on the basis of the present record, the arguments of respective counsel, and the authorities cited in the briefs, the court does not believe the motion to dismiss should be granted on the basis of the third, fourth, and sixth grounds asserted. At least with respect to damages, if any, sustained by plaintiffs after the effective date of the Natural Gas Act, I do not believe any statute of limitations or laches necessarily bars recovery. The duress alleged by plaintiffs, together with the pending action before the Commission, may well be shown to have tolled the statute of limitations and explained plaintiffs' delay in prosecuting this action. As regards the release executed by plaintiff corporation, I presently entertain grave doubts as to its validity. Insofar as plaintiff corporation undertook to release claims arising out of alleged past violations of statute, I find nothing tending to invalidate the contract, but insofar as it undertook to waive or release any claims for future violations, or at least what plaintiffs contended were violations, I have serious misgivings as to its validity in view of the public policy issue raised.

In the fifth ground asserted as requiring dismissal, defendant contends that plaintiffs have no cause of action for treble damages under the Anti-trust laws of the United States, and cites Keogh v. Chicago & N. W. R. Co., 260 U.S. 156, 43 S.Ct. 47, 67 L.Ed. 183, as authority for its contention.

The Keogh case did involve an action by a shipper to recover damages under Section 7 of the Anti-Trust Act, and the court held that the shipper had no such right of action. However, as Justice Brandeis pointed out, Section 9 and 16 of the Act to Regulate Commerce afforded plaintiff two means for recovering damages arising out of the payment of unreasonably high rates and concluded that Congress could not be presumed to have intended the Anti-Trust Act to afford plaintiff an additional remedy. The situation in the present case is different. First, the Natural Gas Act does not afford plaintiff any remedies for the recovery of damages; secondly, plaintiffs do not seek to recover damages as measured by the difference between what plaintiffs paid and what they should have been required to pay. Plaintiffs allege that defendant's restraint on trade was so effective that they were prevented from doing *any* shipping or paying *any* rates. I believe, therefore, that the situation is materially different in the present case, and outside the holding in the Keogh case.

By nothing said in the foregoing paragraphs does the court intend to foreclose itself from further consideration of the issues raised after plaintiffs have been afforded an opportunity to fully present their case. However, I do not think the court would be justified in dismissing the complaint on the showing thus far made. The manifold considerations involved, the inter-relation between allegations in the complaint and defensive matter which I expect shall be alleged, and the divergent

theories adopted by the parties in their approach to the alleged facts, indicate that justice will best be served by denying the present motion.

It is therefore ordered that defendant's motion to dismiss be and hereby is in all respects denied.