### WELCHER v. UNITED STATES.
#### Civil Action LR–2380.

United States District Court,
E. D. Arkansas, W. D.
April 15, 1953.

Bob Bailey, of Russellville, Ark., and D. D. Panich, of Little Rock, Ark., for plaintiff.

James T. Gooch, U. S. Atty., and Gerland P. Patten, Asst. U. S. Atty., of Little Rock, Ark., for defendant.

DELEHANT, District Judge.

The court has considered a consolidated motion made by the defendant (a) primarily for dismissal of the action, and (b) alternatively for summary judgment. In support of its former branch, the motion asserts that the complaint does not state a claim upon which relief can be granted. For its alternative request, the defendant urges that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. The motion for summary judgment is accompanied,

if not supported, by an affidavit to which reference will later be made. The complaint makes allegations, which, by way of a brief and admittedly incomplete synopsis, include those asserted facts set out in the next succeeding paragraph.

The plaintiff is a resident of Pope County, Arkansas and beneficiary of three National Service Life Insurance policies for the aggregate sum of $10,000 issued to and upon the life of her son, Edgar L. Mackey, who was a member of the armed forces of the United States between March 18, 1942 and January 8, 1944. Mackey was totally disabled from a time on or prior to January 8, 1944 until June 7, 1949, on which date he died. On May 18, 1944, Mackey was advised by Veterans Administration that premiums on his insurance had been waived effective as of, and from and after, November 1, 1941, in consequence of his then determined total disability. That waiver of premiums was terminated arbitrarily and without cause as of April 30, 1945, but during the actual continuance of Mackey's total and permanent disability. On June 2, 1950, the plaintiff presented to Veterans Administration a claim for waiver of premiums and for payment of the amount represented by the policies. The Administration denied the claim in its entirety, but in doing so held that Mackey was totally disabled from June 3, 1948 until his death.

Largely, by way of a legal analysis of her rights as she conceives them, the plaintiff in her complaint also asserts that all premiums and interest paid on National Service Life Insurance constitute a trust fund under the trusteeship of the defendant; that, although no disbursements from such fund had been made and the fund was held intact by the defendant at the time of Mackey's death, a portion of that fund sufficient to pay Mackey's premiums from May 1, 1945 until his death belonged to Mackey and should have been applied in that fashion by the defendant; and that in any event the insurance sued for remained in force until Mackey's death by reason of statutory waiver of premiums.

At the outset of its consideration, the court is confronted by an altogether purposeless and intolerable pleading filed by the plaintiff in the form of Motion To Strike Defendant's Motion To Dismiss And Motion For Summary Judgment. That motion to strike has no point or function in the system of pleading here administered. Its filing is not only unnecessary, but quite absurd. The defendant's motion against which it is aimed is either well taken or without proper support. Of its own force, therefore, it should be either granted or denied. No formal demand for its denial or striking is required or appropriate. If it is resisted on any ground, any infirmity in it or in the manner of its presentation may be advanced in the course of such resistance. The court, therefore, as a matter of sound judicial administration and upon its own motion, strikes from the files the plaintiff's motion to strike. But, of course, such action implies neither approval nor disapproval of the defendant's motion.

The motion for the dismissal of the plaintiff's action is presented first. It tests only the sufficiency of the plaintiff's complaint. The court considers that the motion for dismissal is not well taken and should be denied and overruled.

Unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved by her under her complaint, construed in the light most favorable to her and with all doubts resolved in her favor, the complaint may not properly be dismissed for failure to state a claim supporting relief. United States v. Arkansas Power & Light Co., 8 Cir., 165 F.2d 354; Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411; Cool v. International Shoe Co., 8 Cir., 142 F.2d 318; Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583; Musteen v. Johnson, 8 Cir., 133 F.2d 106; Louisiana Farmers' Protective Union v. Great A. & P. Tea Co., 8 Cir., 131 F.2d 419; Sparks v. England, 8 Cir., 113 F.2d 579; Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302;

238

Howell v. Gray, D.C.Neb., 9 F.R.D. 544; Andrews v. Heinzman, D.C.Neb., 8 F.R.D. 48; United States v. Association of American Railroads, D.C.Neb., 4 F.R.D. 510.

By the terms of rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.A., it is not essential that the pleader state facts sufficient to state a "cause of action". Dennis v. Village of Tonka Bay, supra [151 F.2d 412]; Andrews v. Heinzman, supra; Johnson v. Fredrick, D.C.Neb., 9 F.R.D. 616; Smith v. Cushman Motor Works, D.C.Neb., 8 F.R.D. 221; Asher v. Ruppa, 7 Cir., 173 F.2d 10; Dioguardi v. Durning, 2 Cir., 139 F.2d 774; Garcia v. Hilton Hotels International, D.C.Puerto Rico, 97 F.Supp. 5; Ivancik v. Wright Aeronautical Corporation D.C.N.J., 68 F.Supp. 270; 2 Moore's Federal Practice, 2nd ed., § 8.13, p. 1647.

■ The function of the pleadings is to give fair notice of the claim asserted and a general indication of the type of litigation involved. Cather v. Ocean Accident & Guarantee Corp., D.C.Neb., 10 F.R.D. 437; Continental Collieries v. Shober, 3 Cir., 130 F.2d 631; Securities and Exchange Commission v. Timetrust, Inc., D. C.Cal., 28 F.Supp. 34; Marquardt-Glenn Corp. v. Lumelite Corp., D.C.N.Y., 11 F.R.D. 175; United States v. Kornfeld, D.C.Pa., 9 F.R.D. 675; 2 Moore's Federal Practice, 2d ed., § 8.13, p. 1647.

■ Under the liberal appraisal which the court is thus obliged to grant to the complaint, it is believed that within its framework the plaintiff may adduce evidence which, if true, will entitle her to some relief. That conclusion necessitates the denial of the motion to dismiss. And beyond it the court need not, and does not proceed on this occasion.

Rationally regarded, it is gravely doubtful whether the defendant's motion for summary judgment actually proceeds any farther than its motion to dismiss. It is made before the filing of an answer, and with the complaint standing as the only formal pleading in the action. Besides its attack upon the complaint, it rests entirely upon an affidavit of an assistant United States attorney for the Eastern District of Arkansas who is of counsel in the case. The narration, paragraph by paragraph, of the assertions of that affidavit is presently unnecessary. Essentially, the affidavit is, and declares itself to be, an analysis of what the affiant conceives to be significant features of the Veterans Administration file upon Mackey's service and insurance record. Of items in that record, a selected few are copied as exhibits accompanying the affidavit, while others are synopsized, interpreted or explained by the affiant. The concluding paragraph of the affidavit discloses its source and nature in the following words:

"The facts set out in this affidavit are taken from the records of the Veterans Administration, which records are contained in the XC-file of the veteran, said file now being in the possession, custody, and control of the United States Attorney for the Eastern District of Arkansas. The file is available to the Court for verification of any of the facts alleged in this affidavit and for incorporation in the record of any of the documents upon which said facts are based."

■■ Necessarily, therefore, the affidavit abounds in secondary statements gleaned from written material, hearsay, and factual and legal conclusions. This court holds that it does not rise to the dignity of evidence requiring judicial acceptance and recognition, and specifically that it fails to meet the rather stern tests of rule 56(e). See also Walling v. Fairmont Creamery Company, 8 Cir., 139 F.2d 318; Walling v. Reid, 8 Cir., 139 F.2d 323; Sprague v. Vogt, 8 Cir., 150 F.2d 795. Moreover, the writer of this memorandum is not disposed to encourage counsel in actions pending before the court to offer themselves as witnesses touching matters essential to the issues pending in cases. That practice too easily proceeds towards the perversion of the attorney's office and ought steadfastly to be frowned upon.

■ However, the court has fully studied all matters set forth in the affidavit so far as they could properly be entitled to consideration, and is of the opinion that, duly considering them, it may not be affirmed under the present record that "the pleadings * * * together with the affidavits * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". In default of an affirmative finding under that judicially defined and congressionally approved test, summary judgment simply must not be entered. Rule 56(c), Federal Rules of Civil Procedure. Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213; American Insurance Company v. Gentile Brothers Company, 5 Cir., 109 F.2d 732; Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167; Shultz v. Manufacturers & Traders Trust Company, D.C.N.Y., 1 F.R.D. 451; Drittel v. Friedman, D.C.N.Y., 60 F.Supp. 999; United States ex rel. Ryan v. Broderick, D.C.Kan., 59 F.Supp. 189.

■ By way of repetition, one has to remember that in this case no answer has yet been filed. Treating the affidavit of one of defendant's counsel as indicating the probable substance of, if not constituting, the defendant's answer, the court recognizes that it asserts the defendant's claim of the existence of facts calculated to nullify certain of the allegations of the complaint. Thus appraised, it shows the existence of a factual dispute as between the plaintiff and the defendant which may well be the subject of conflicting evidence when the case shall be tried upon its merits. Without the necessity of reply, the plaintiff under the rules, rule 8(d), Federal Rules of Civil Procedure, must now be considered as either denying or confessing and avoiding, as the facts may warrant and her interest suggest, any items of new matter which may eventually be set out in the answer and may now be foreshadowed in the affidavit already before the court. The evidence allowable under the pleadings as they shall mature should be the foundation of the final ruling upon the controversy between the parties. It should be borne in mind, though counsel bent on the early disposition of litigation through summary judgment too readily forget, that affidavits in support of motions for summary judgment in behalf of a defendant may not be regarded as proof contradictory of facts well pleaded in a complaint. Michel v. Meier, D.C.Pa., 8 F.R.D. 464. They may be examined and considered for the purpose of determining whether a factual dispute between the parties exists, but not in the resolution of any dispute thus disclosed. United States, ex rel. Ryan v. Broderick, supra.

In the present situation, the defendant should be required to answer the complaint. The parties should be put to their proofs upon their claims and defenses and the case resolved upon the basis of the facts thus demonstrated. That course leads eventually to finality of decision. The practice to which the court is urged by the defendant invites the entry of abortive judgments, and a multiplicity of appellate proceedings. The settled policy of the Courts of Appeals discourages such indiscretion. Barnett v. Terminal Railroad Association, 8 Cir., 200 F.2d 893. It is true that the case last cited arose out of a summary ruling on a motion for a directed verdict, but the logic supporting it is far more persuasive at the stage of litigation in which this court is now engaged than after the plaintiff has disclosed his entire resources in the way of evidence and rested his case. At that remote point he is presumed to be finished with his support of his claim. The present plaintiff has not yet started such support.

An order is being entered accordingly.