## MORENO v. UNITED STATES.
### No. 449.

District Court, D. Massachusetts.
Nov. 6, 1940.

Frederic Gilbert Bauer, of Boston, Mass., for plaintiff.

E. L. Twomey and Palmer, Dodge, Barstow, Wilkins & Davis, all of Boston, Mass., for defendant Marjorie E. Bathurst.

Edmund J. Brandon, U. S. Atty., and William J. Hession, Asst. U. S. Atty., both of Boston, Mass., for the United States.

BREWSTER, District Judge.

The plaintiff in this action sues the United States on a contract of war risk insurance. She alleges that she was named as the beneficiary of the policy; that the attempted change of beneficiary by the assured is illegal in that it was brought about by the undue influence of Marjorie E. Bathurst who, upon the death of the insured, claimed the proceeds of the policy. The defendant caused the said Marjorie E. Bathurst (hereinafter, for convenience, called the "third-party defendant"), who was last named as beneficiary, to be joined as a party defendant. She resided in New Jersey and was served with process in that state. She has appeared and answered. Plaintiff has filed two motions, one for leave to reply to the answer of the third-party defendant, and the other for leave to amend her declaration. In either case, she proposes to set up a claim against the third-party defendant for alienation of affections.

The motion was brought under Rule 14 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which permits a defendant to bring in a person, not a party to an action, who is or may be liable to him or the plaintiff for all or a part of the plaintiff's claim against him. The rule further provides that the "plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant."

Since the United States has not paid over the proceeds of the war risk insurance policy to the third-party defendant and has admitted its liability to the beneficiary legally entitled thereto, it is difficult to see how the third-party defendant was liable either to the United States or to the plaintiff for all or a part of the plaintiff's claim on the contract.

It is not necessary, however, to deal with this question, inasmuch as the said Bathurst was made a party defendant, not by virtue of Rule 14 but pursuant to statute, 38 U. S.C.A. § 445, which provides that "All persons having or claiming to have an interest in such insurance may be made parties to such suit, and such as are not inhabitants of or found within the district in which suit is brought may be brought in by order of the court to be served personally or by publication or in such other reasonable manner as the court may direct."

The third-party defendant being a citizen of New Jersey, this court acquires jurisdiction only by reason of the above provision of statute. Were it not for this statute, it is clear that the third-party defendant could not have been brought within the jurisdiction of the court by service of process outside the district. Rules 4(f) and 82 of F.R.C.P.; F. & M. Skirt Co., Inc. v. A. Wimpfheimer & Bro., Inc., D.C., 27 F. Supp. 239.

In view of the foregoing, I have reached the conclusion that the plaintiff cannot invoke Rule 14(a) in order to assert a claim which she may have against the third-party defendant, and especially when the claim does not arise from the contract upon which her suit is based.

Both motions are denied.