## MORENO v. UNITED STATES et al.
### No. 3665.

Circuit Court of Appeals, First Circuit.

June 6, 1941.

Frederic Gilbert Bauer, of Boston, Mass., for appellant.

E. L. Twomey, of Boston, Mass. (Theodore Chase, of Boston, Mass., on the brief), for appellee Marjorie E. Bathurst.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge.

Therese M. Moreno brought suit against the United States in the District Court of the United States for the District of Massachusetts seeking to recover the proceeds of a policy of war risk insurance. Jurisdiction was rested on § 19 of the World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 445.

The complaint alleged that the plaintiff was a resident of Massachusetts; that the policy of insurance, taken out in 1921 by her husband, Major Moreno, originally designated her as beneficiary; that late in 1935, a few months before his death, the insured designated as substituted beneficiary Marjorie Murphy Bathurst, "a friend"; that at that time Major Moreno "was enfeebled both mentally and physically by disease and said transfer was obtained by the undue influence of said Marjorie Murphy Bathurst and was in violation of public policy and good morals"; that the United States has declined to recognize the plaintiff as lawful claimant to the proceeds, but on the contrary has ruled that Mrs. Bathurst is entitled thereto; that the proceeds are still in the hands of the United States.

In view of the allegations of the complaint, the United States moved to summon in and join Mrs. Bathurst as a third-party defendant. Such special interpleader is provided for in § 19 of the World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 445, as follows:

"All persons having or claiming to have an interest in such insurance may be made parties to such suit, and such as are not inhabitants of or found within the district in which suit is brought may be brought in by order of the court to be served personally or by publication or in such other reasonable manner as the court may direct."

The motion was granted, and a summons was personally served upon Mrs. Bathurst in New Jersey, the state of her residence.

Subsequently, on January 29, 1940, the United States filed its answer, admitting liability on the policy but denying that the change of beneficiary was effectuated under the circumstances alleged in the complaint. On January 30, 1940, Mrs. Bathurst filed an answer denying the allegation of undue influence, praying that the complaint be dismissed and that she, Mrs. Bathurst, be awarded judgment against the United States for the balance due under the policy.

On September 26, 1940, the plaintiff filed an amendment to her complaint as follows:

"Under the provisions of Rule 14 (a), Federal Rules of Civil Procedure [28 U.S.C.A. following section 723c] inasmuch as the case is now virtually a suit between the plaintiff and the third party defendant Marjorie E. Bathurst, the plaintiff files the following amendment by way of additional paragraphs to her complaint:

"12. The plaintiff says the third party defendant Marjorie E. Bathurst between the first day of October, 1934 and the last day of October, 1935 wrongfully and intentionally alienated and destroyed the affection of the plaintiff's husband Joseph deR. Moreno for the plaintiff, and enticed him to desert the plaintiff and continue absent until his death. Wherefore, the plaintiff demands judgment under the foregoing paragraph from Marjorie E. Bathurst for fifteen thousand dollars, and costs."

From a judgment of the District Court denying leave to the plaintiff to amend her declaration as aforesaid, the plaintiff brings the present appeal.

One of the appellees, Mrs. Bathurst, moves that the appeal be dismissed for want of jurisdiction for the reason that the order appealed from is not a final decision within the meaning of 28 U.S.C.A. § 225.

■ The District Court denied leave to amend, not as a matter of discretion, but on the ground that "the plaintiff cannot invoke Rule 14 (a) in order to assert a claim which she may have against the third-party defendant, and especially when the claim does not arise from the contract upon which her suit is based." [35 F.Supp. 657, 658.] The cause of action for alienation of affections is separate and distinct from the controversy between the rival claimants as to which one is entitled to the proceeds of the insurance policy. The order of the District Court, which finally disposes of the cause of action for alienation of affections so far as the present litigation is concerned, is in that aspect a final decision within the meaning of 28 U.S.C.A. § 225. Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 106 F.2d 83. See Note, Finality of Judgment in Appeals from the Federal District Courts, 49 Yale L.J. 1476. Accordingly, the motion to dismiss is denied.

On the merits, we think that the order appealed from must be affirmed.

■ The proposed amendment, adding a cause of action for alienation of affections, was offered "under the provisions of Rule 14(a), Federal Rules of Civil Procedure." The District Court was clearly right in holding that Rule 14(a) is inapplicable. This rule provides that: "The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant." But this refers back to the situation described in the earlier part of the rule, viz., where an original defendant has obtained leave as a third-party plaintiff "to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him."

· There was no such third-party impleader in the case at bar. As the court below observed: "Since the United States has not paid over the proceeds of the war risk insurance policy to the third-party defendant and has admitted its liability to the beneficiary legally entitled thereto, it is difficult to see how the third-party defendant was liable either to the United States or to the plaintiff for all or a part of the plaintiff's claim on the contract."

■ Section 19 of the World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 445, which is the basis of jurisdiction in the court below, is a special provision of law under which the United States consents to be sued on policies of war risk insurance. "Construing the statutory language with that conservatism which is appropriate in the case of a waiver of sovereign immunity" (United States v. Sherwood, 61 S.Ct. 767, 771, 85 L.Ed. ——, decided by the Supreme Court March 31, 1941), we find nothing in § 19 which suggests that the United States consents to be sued in litigation which may expand into a trial of multifarious collateral causes of action between the original plaintiff and third persons. The interpleading of Mrs. Bathurst as authorized by § 19 was for the limited purpose of fighting out who is entitled to the proceeds of the insurance policy now in the hands of the United States. Cf. United States v. Sherwood, supra. In the absence of any explicit statutory expression of consent by the United States, this issue is not to be complicated and perhaps delayed in adjudication by the joinder of other causes of action between the rival claimants.

■ There being the requisite diversity of citizenship, the plaintiff might have brought an independent complaint against Mrs. Bathurst for alienation of affections in the District Court of the United States for the District of Massachusetts or for the District of New Jersey. 28 U.S.C.A. § 112. But if such complaint had been brought in Massachusetts it would have been necessary to make service of process on Mrs. Bathurst in Massachusetts, in order to give the District Court jurisdiction over her person. Rule 4(f), F.R.C.P. Cf. Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192. Here, Mrs. Bathurst was served in New Jersey as specially provided for in § 19 of the World War Veterans' Act, and the court below thereby acquired jurisdiction over her for the limited purpose of adjudicating her claim to the proceeds of the insurance policy. Her act of appearing and filing an answer did not give the court below jurisdiction over her—the court already had jurisdiction for the restricted purpose stated, by virtue of the service of process on Mrs. Bathurst in New Jersey. Hence her appearance did not constitute any sort of "waiver" as claimed by appellant, nor did it estop Mrs. Bathurst from insisting that in a suit against the United States under § 19 she could be summoned in as a third-party defendant only for the purpose of determining whether she was entitled to the proceeds of the policy.

Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518, and Neirbo v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, cited by appellant, are wholly beside the point.

The order of the District Court is affirmed, with costs to Marjorie E. Bathurst, appellee.