AUTOMATIC WASHER CO. v. EASY WASHING MACH. CORPORATION.

Civ. 3354.

United States District Court
N. D. New York.

Decided July 12, 1949.

336

Toulmin & Toulmin, Dayton, Ohio, and Hiscock, Cowie, Bruce, Lee & Mawhinney, Syracuse, New York, for plaintiff.

Hancock, Dorr, Ryan & Shove, Syracuse, New York, F. P. Keiper; P. P. Glassey, Associate Counsel, Syracuse, New York, for defendant.

BRENNAN, Chief Judge.

This is the usual action based upon an infringement of a trade-mark, and the prayer for relief is in the usual form.

The complaint alleges that the plaintiff is the owner of the trade-mark "Spin-Dry", and that same was registered in the United States Patent Office in 1944. It further alleges that plaintiff's laundry machine products are distinguished by the use of that mark. The complaint also alleges that "—plaintiff and its predecessors in business have since the year 1931, and prior thereto—" been engaged in the manufacturing and selling of laundry machines under the trade-mark "Spin-Dry", and that same have been extensively advertised throughout the United States and foreign countries.

The defendant by its motion claims that the allegations above referred to are vague and ambiguous, and that further statements are necessary in order to enable the defendant to answer the complaint.

It would seem to be unnecessary to enter into any extended discussion as to the purpose of the present Federal Rule of Civil Procedure rule 12(e), 28 U.S.C.A. The language of the rule is clear. The difficulty arises in its application in each particular case. Such application must be made in the light of Rule 1, which provides that the Rules shall be construed to secure the just, speedy and inexpensive determination of each action; Rule 8 which requires that the complaint should state a short and plain statement of the claim showing that the pleader is entitled to relief, and Rule 8(b), which provides that a party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is plain that the rules contemplate concise, unequivocal statements by plaintiff and defendant, which will appraise each as to the exact nature of the claim to be asserted and the defense to be interposed. The 1946 Amendment of Rule 12(e) indicates clearly that vagueness or ambiguity and inability to frame an answer must be the basis of a motion for a more definite statement, and all evidentiary matter must be

obtained by the proper discovery proceedings.

 As I understand the present law, the registration of a trade-mark under the 1920 Act, 41 Stat. 533, is no evidence of ownership, Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195, and that plaintiff's right of recovery is dependent upon the length and extent of the use of the trade-mark and its ownership and adoption by plaintiff, with a resulting secondary meaning which distinguishes plaintiff's products.

 Plaintiff's allegation in the complaint above referred to, by the use of the phrase "plaintiff and its predecessors in business have since the year 1931, and prior thereto—", etc. has left both the users of the trade-mark and the length of time of its use, in a state of uncertainty, so that it is not possible to know from the complaint whether the plaintiff is basing its right upon its own use, upon the use of its predecessors, or upon both, and neither is in a position to know how long prior to 1931 or by whom laundry machines were manufactured and sold under the trade-mark "Spin-Dry". It is true that the granting of the motion may in some respect require that the plaintiff furnish a chain of title of the trade-mark in question, which might under some circumstances be considered evidentiary. However, the mere fact that evidence is elicited should not be a bar to the motion where vagueness or uncertainty exist in the allegations of the complaint. It is a simple matter to amplify the pleadings by a more definite statement, and defendant will be placed in a position where it may comply with the provisions of the rules as to the directness and conciseness of his answer.

 The motion is granted as to a more definite statement insofar as it is demanded in the motion papers in Paragraph 1(a), (b), (c), (d), (e), (f), and denied as to (g).

The motion is granted as to the statement demanded in the motion papers designated as "2".

The motion is denied as to the statement demanded in the motion papers designated as "3(a) and (b)".

 The items denied above are so treated for the reasons that they require the disclosure of evidence which may be obtained by authorized procedures relating to discovery, and since the statement to be furnished becomes a part of the complaint, to require same would result in a pleading which would offend the provisions of the Rule above referred to as to clearness and conciseness of the complaint.

Order, if not agreed upon, may be settled upon three days' notice.