**HOWELL v. GRAY, Sheriff, et al.**

**Civ. No. 52–49.**

United States District Court
D. Nebraska, Lincoln Division.

Oct. 26, 1949.

Chauncey E. Barney, of Lincoln, Neb., for plaintiff by appointment of court.

Grey Dresie, of Wichita, Kan., W. O. Baldwin (of Baldwin & Pike), of Hebron, Neb., and R. Robert Perry (of Perry & Perry), of Lincoln, Neb., for defendants.

DELEHANT, District Judge.

The plaintiff, a prisoner in the Nebraska state penitentiary, has instituted this ac-tion, in forma pauperis, against the two persons above identified and described. He demands judgment in the sum of $150,-000.00 for damages alleged to have been sustained by him in consequence of his arrest in Wichita, Kansas, in May, 1947, and in the state of Tennessee at a later date; his transportation to Hebron, Nebraska, upon a charge of his commission in Thayer County, Nebraska, of a felony; and his detention in jail at Hebron, Nebraska, for a substantial period of time on that charge. The acts of the defendants are alleged to have been committed maliciously and without probable cause, and in furtherance of a conspiratorial design. In the complaint (entitled "Petition") he alleges "that he is a citizen of the United States, that he is now a resident of the state of Nebraska, that prior to becoming a resident of the state of Nebraska he was a resident of the state of Kansas and the city of Wichita, Kansas."

Each defendant has served and filed a motion to dismiss the action as to him. The defendant, Gray, a citizen of, and served with process only in, Kansas asserts (a) the failure of the complaint to allege valid jurisdictional grounds, (b) its affirmative disclosure of want of diversity of citizenship between the plaintiff and the defendant Stuzes (whose true surname is Stutz) and (c) the lack of proper venue as to the defendant Gray. The defendant Stutz asserts (a) the affirmative showing of the want of diversity of citizenship, and (b) the failure of the complaint to state a claim upon which relief can be granted.

The motion of the defendant Gray, on the ground of improper venue of the action as against him, must be granted. He has been served with process only in Kansas which is also the state of his residence and citizenship. And while, if the plaintiff is a citizen of Nebraska, he may sue the defendant Gray in a civil action for the recovery of a judgment for money only, either in the United States District Court for the district of Nebraska or in the United States District Court for the district of Kansas, if he elects to bring such action in the former district, he must do so under such circumstances that he may

obtain the service of process on Gray in Nebraska. Except when a statute of the United States provides for service beyond the territorial limits of the state in which the court is held, the reach of this court's process is limited to the state of Nebraska. Rule 4(f), Federal Rules of Civil Procedure, 28 U.S.C.A.; Moreno v. United States, 1 cir., 120 F.2d 128; Howard v. United States, 10 cir., 126 F.2d 667, certiorari denied; Melekov v. Collins, D.C. Cal., 30 F.Supp. 159; Niemiec v. Interstate Motor Freight System, D.C.Mich., 2 F.R.D. 408; Miller v. Hano, D.C.Pa., 8 F.R.D. 67. No statute is suggested, or known by the court to exist, as authority for the service of the process of this court beyond the boundaries of Nebraska in a case of this character.

The motion of the defendant Gray is, therefore, being granted and the action is being dismissed as to him on the ground of improper venue.

■ The motion of the defendant Stutz presents a problem whose solution is admittedly more difficult. If the complaint had been prepared by competent counsel it would probably be vulnerable to the motion in more than one particular. But it was written by the plaintiff himself, a layman possessed neither of any legal learning nor of a mastery of the English language adequate for the orderly or intelligible expression of his thoughts. In that situation, this court, under the repeated admonition of superior authority, must appraise the allegations of the complaint most liberally in favor of the plaintiff in testing its adequacy, first to assert a valid ground for the court's jurisdiction and secondly to allege a claim on which relief may be granted. And the latter function of the complaint obviously has a bearing in this instance on the question of jurisdiction in one of that question's phases (vide infra).

Jurisdiction seems to be claimed, quite inexactly, by the plaintiff on two grounds. The first is diversity of citizenship under Title 28 U.S.C.A. § 1332(a) (1); and that would appear to be the ground of which he attempts to make a jurisdictional statement. The second is the denial of civil rights either as the act of one or more individuals or in furtherance of a conspiracy. Title 28 U.S.C.A. § 1343; Title 8 U.S.C.A. §§ 43 and 47.

■ Respecting jurisdiction arising out of diversity of citizenship, the existence of a claim in the jurisdictional amount must be recognized. The situation is not so clear as to the diversity of citizenship between the plaintiff and Stutz. The complaint's averments upon the point have already been set out in the plaintiff's own language. Stutz is admittedly a citizen of Nebraska. And it is argued that the allegations are sufficient to warrant the conclusion that the plaintiff is a citizen of the same state. That would be true if those allegations must be held to have been made understandingly and with finality. Section 1, Amendment XIV to Constitution of the United States; Slaughter House Cases, 16 Wall. 36, 21 L.Ed. 394; Sharon v. Hill, C.C.Cal., 26 F. 337. But, elsewhere in the complaint, and in a so-called Motion in Resistance to Motion to Dismiss, are assertions from which it ought quite clearly to be inferred that the plaintiff's statement touching his "residence" in Nebraska has to do only with his imprisonment. It seems too clear for doubt that what he means to assert is that, being a citizen of Kansas, he has unwillingly been brought into Nebraska on a charge of the violation of one or more of its criminal statutes and is still detained in prison presumably after conviction on one such charge. (Several pleadings which he has filed in other cases in this court make that inference very clear; and counsel for the defendants indicated it as a fact in the course of oral argument upon the pending motions.) The suggested construction of his intended meaning being not only allowable but actually compelling, the court is persuaded that the motion to dismiss on the ground of the complaint's negation or inaccuracy in allegation, of diversity of citizenship ought not to be granted, at least until the plaintiff has been allowed to take an informed position upon it in an amended pleading. And if a real question exists touching his citizenship, it may be tried upon the formulation of appropriate issues on it.

And, still dealing with diversity of citizenship as a ground of jurisdiction, if such diversity is appropriately asserted and maintained, the court is not prepared to declare from the complaint that "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim asserted by him" against Stutz in his complaint, "construed in the light most favorable to the plaintiff and with all doubts resolved in his favor." And by controlling authority, Leimer v. State Mutual Assurance Co., 8 cir., 108 F.2d 302; Musteen v. Johnson, 8 cir., 133 F.2d 106; Sparks v. England, 8 cir., 113 F.2d 579; Louisiana Farmers Protective Union Inc., v. Great Atlantic and Pacific Tea Co., 8 cir., 131 F.2d 419; Publicity Building Realty Corp. v. Hannegan, 8 cir., 139 F.2d 583; Cool v. International Shoe Co., 8 cir., 142 F.2d 318; United States v. Arkansas Power and Light Co., 8 cir., 165 F.2d 354, in default of such certainty of inadequacy of a complaint, a motion for dismissal for failure to state a valid claim must be denied. It will be immediately obvious that this test, applicable generally, is even more imperative when the preparation of the challenged complaint by an unskilled and ill educated layman compels, in its appraisal, the bestowal upon it of the measure of tolerance which it must receive.

The considerations just adverted to have equal significance in the evaluation of the complaint as the assertion of a claim by the plaintiff against Stutz based on the latter's subjection, either alone or in conspiracy with Gray and others, of the plaintiff to the deprivation of his civil rights as secured by the constitution and laws of the United States. And it must be remembered that if the complaint is adequate for that purpose diversity of citizenship is not requisite to jurisdiction, Gordon v. Garrson, D.C.Ill., 77 F.Supp. 477; Stapleton v. Mitchell, D.C.Kan., 60 F.Supp. 51.

Broadly understood, the complaint charges the defendant Stutz with the unjustified and purposeful confinement and wrongful denial of the security of the person of the plaintiff in the course of the exercise by Stutz of his official power and the performance of his official duties as a peace officer of one of Nebraska's counties. Now, while the court is fully aware of the decisions which hold that the provisions of Title 8 U.S.C.A. §§ 43 and 47 are inadequate to extend this court's jurisdiction to ordinary actions for malicious prosecution and false imprisonment, solely because the offending person is a state officer, certain recent opinions of the Supreme Court of the United States seem to require the disallowance of the pending motion to dismiss filed by Stutz. United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368; Hague v. C. I .O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423; Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330. See also Picking v. Pennsylvania R. Co., 3 cir., 151 F.2d 240. A trial court may not prudently or becomingly reject or neglect the discernible thought of those cases. And that thought induces the rejection of the contention that the complaint is wholly inadequate as an assertion of the denial by the defendant Stutz under color of state statute of the civil rights secured to the plaintiff by the federal constitution and laws. A more detailed discussion of the point would be inappropriate at the present time in view of the court's requirement (infra) of further pleading by the plaintiff.

The motion of the defendant Stutz is, therefore, being denied.

However, with Gray eliminated as a defendant, the claim against the defendant Stutz is so incoherently and vaguely stated in the complaint that the defendant manifestly should not be required to plead to it. The plaintiff should be compelled, now with the advice and counsel of his attorney, and acting through the attorney, seasonably to prepare, serve and file an amended complaint. In it he should be required clearly to declare the grounds on which he asserts this court's jurisdiction, and coherently and explicitly to allege the facts upon which his supposed claim for relief is based. To that amended complaint the defendant Stutz should be granted the right and adequate time to prepare, serve and file any pleading which under the Rules may appropriately be directed against an

original complaint for in a very real sense the amended complaint thus required will have the qualities of an original complaint.

The order of the court makes provision accordingly.