HOWELL v. GRAY, Sheriff, et al.
Civ. No. 52–49.

United States District Court
D. Nebraska, Lincoln Division.
April 18, 1950.

Chauncey E. Barney, of Lincoln, Neb., by appointment of court, for plaintiff.

R. Robert Perry (Perry & Perry), Lincoln, Neb., and Albert Pike (Baldwin & Pike), of Hebron, Neb., for defendant Robert Stutz.

DELEHANT, District Judge.

Promptly after the entry of the court's order of October 26, 1949, 9 F.R.D. 544, the plaintiff served and filed an amended complaint against the sole remaining defendant Robert Stutz, who seasonably tendered a consolidated motion (a) to dismiss, (b) to strike, and (c) for more definite statement. Oral argument has been heard on the motion, and briefs, limited to the motion to dismiss, have been submitted and considered.

The motion to dismiss must be denied.

■ Insofar as it is based upon the alleged failure of the amended complaint to state a claim on which relief can be granted, and with the exception that the amended complaint was prepared by competent counsel, the discussion contained in the court's earlier memorandum is equally applicable to the amended complaint and need not be repeated. The present motion also offers the suggestion that recovery by the plaintiff is barred by the statute of limitations. That substantive defense, especially in the present context, may much more appropriately be averred by answer, Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A., for not merely calendar intervals but also circumstances tolling the statute may be entitled to consideration in passing upon it. The lapse of time alone does not necessarily and invariably erect an insurmountable bar of limitations.

A new ground for dismissal is now urged. It is said that the plaintiff is under fatal disability to prosecute this claim by reason of his status as an imprisoned felon. It may be granted that, in some states by their common law, in others by statute, convicts are unable to institute ordinary civil suits during their imprisonment, in consequence of a local rule that conviction results for the duration of the confinement in the convict's so-called "civil death" and suspends his civil rights. But it seems clear that Nebraska does not adhere to that rule. No statute of the state explicitly declares or defines the suspension of civil rights contended for. And the only reported decision of its Supreme Court drawn to this court's

attention by counsel, or by this court known to have been rendered, argues persuasively for the contrary view.

■ In Bosteder v. Duling, 115 Neb. 557, 564, 565, 213 N.W. 809, 812, citing the provision of Section 15, Article I of the state's constitution that "no conviction shall work corruption of blood or forfeiture of estate," the writer of the opinion declared that: "Civil death, as known to the common law, is without place in our (jurisdiction)". Upon that premise, the court held that conviction of a felony and the ensuing imprisonment did not bar a convict from prosecuting an action for physical injuries resulting from another's tort, and that *"no consequences follow conviction and sentence by reason thereof, save and except such as are declared by * * * statute."* (Emphasis added.) To be sure, Bosteder v. Duling, supra, was not concerned with a convict's right to institute a personal civil action during the period of his imprisonment. From the opinion itself, supplemented by an investigation of its record, one gathers that the conviction occurred February 9, 1920, the injury on September 14, 1923, after the full execution of the sentence to imprisonment, and the institution of the suit on April 17, 1924. The Nebraska court was, therefore, confronted with the question whether in the state a conviction on a felony charge with resultant imprisonment results in civil death, sufficiently comprehensive to bar the convict, after the execution of his sentence, from the acquisition and vindication of any personal claim against one who wrongfully injures him. And it answered that question negatively. But in its reasoning to that conclusion, it employed the sweeping language already emphasized, reflecting the complete rejection for the state of the doctrine of civil death. Even though that expression insofar as it applies to the period of imprisonment, may be criticised as dictum, this court, in default of contrary Nebraska deliverances, is compelled, under the practice counselled in Yoder v. Nu-Enamel, 8 Cir., 117 F.2d 488, and the cases therein cited and discussed, to accord it the status of controlling authority. And, actually, the quoted and emphasized language is not strictly obiter dictum. It reflects an appropriate and considered step in the court's reasoning to its conclusion upon the point which was literally before it.

■ The rejection in Nebraska of the civil death theory becomes presently material in view of the general rule that "in jurisdictions where * * * the convict does not lose his civil rights as a result of his conviction, it is held that he may sue" in his own name for the redress of injuries personal to him. 18 C.J.S., Convicts, § 7, p. 105, and cases there cited. Unless, therefore, a statute of the state intercepts such suits during the period of imprisonment, the right to sue must be allowed.

■ The defendant, in this connection, points to and relies upon Section 25-213, R.S.Neb. 1943, a portion of the state's statute of limitations, which provides, in part, that: "* * * if a person entitled to bring any action mentioned in this chapter * * * be, at the time the cause of action accrued, within the age of twenty-one years, insane or imprisoned, every such person shall be entitled to bring such action within the respective times limited by this chapter after such disability shall be removed."

There is, it will be recognized, an implication from that language that the persons classified in the quoted section are under a temporary disability to sue. Yet, neither in that section nor elsewhere in Nebraska's statutes, is such disability positively declared. Incidentally, it may be observed that, in other sections the state's laws provide machinery whereby suits may be instituted during minority or insanity for the assertion of claims in behalf of persons thus affected. So, suits for the timely protection of their interests are not inevitably postponed until the removal of disability. And as to imprisoned convicts whom neither statutes nor judicial decisions expressly bar from the courts, it may not unreasonably be supposed that Section 25-213, R.S.Neb. 1943, recognizing the practical difficulty which naturally and necessarily surrounds their intelligent and effective prosecution of civil actions, allows but does not compel, them to abide their release from imprisonment, before the institution of any such suits. At least, that construction is admis-

sible; and it seems even to be suggested by the broad language of Bosteder v. Duling, supra. Saying which, this court is fully aware of the fact that the writer of the opinion in the Bosteder case was not concerned with, and did not consider or mention Section 25-213, R.S.Neb. 1943. He was, however, dealing with the public policy of the state in this general area of reasoning, and on a concrete problem not too remote from the instant one, to allow present significance to his thinking.

Upon the several questions presented by the motion to dismiss, it is especially appropriate in this instance to draw the attention of counsel to the suggestion of Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240, that the discovery resources of the Federal Rules of Civil Procedure be resorted to in an effort to bring the real, as distinguished from the ostensible, issues clearly before the court. This, too, is a case which obviously invites the employment of those well conceived and fruitful devices.

Of the motion to strike, it need only be said that the portions of the complaint at which it is aimed are partly material to the plaintiff's asserted claim and that the presence of the others of the challenged items in the pleading will result in no injury to the defendant. In this court substantial liberality is accorded to a pleader in the assertion of his claim or defense, and it is not the practice to allow a defendant to remould his plaintiff's pleadings to suit the former's pleasure or convenience. Matter will ordinarily be stricken only if its presence is likely to work actual harm. That motion is being denied.

The defendant is undoubtedly entitled to obtain much, if not all, of the material sought in his motion for more definite statement, and probably many other items of information, but not in anticipation of the preparation of his answer. The complaint is not "so vague or ambiguous that" the defendant "cannot reasonably be required to frame a responsive pleading". Therefore, it is not vulnerable to a motion within the contemplation of Rule 12(e), Federal Rules of Civil Procedure. The motion for more definite statement is being denied. The denial is necessarily without prejudice to the defendant's pursuit of the information sought through pretrial discovery procedure.