### MARQUARDT–GLENN CORP. v. LUMELITE CORP.

United States District Court,
S. D. New York.
Feb. 9, 1951.

Wm. Peyton Marin, New York City, for plaintiff.

Sydney D. Robins, New York City, for defendant.

WEINFELD, District Judge.

■ Insofar as the motion asks dismissal on the ground that the first cause of action fails to set forth a claim on which relief can be granted, it is denied. The complaint satisfies the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief", and it gives adequate notice of the nature of the claim. MacLeod v. Cohen-Erichs Corp., D.C., 28 F.Supp. 103. The allegations of the first cause of action set forth the traditional elements of breach of contract, namely, the making of an agreement, due performance by plaintiff, and a breach thereof by defendant to the damage of plaintiff.

■■ Defendant also moves, in the alternative, for a more definite statement of

the complaint. Under Rule 12(e) such a motion is properly brought where a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading". If the complaint is sufficiently clear, the motion must be denied. Defendant may employ the discovery procedures contained in the Rules to obtain additional information as to the claim, but discovery is not the purpose of Rule 12(e). Automatic Washer Co. v. Easy Washing Machine Corp., D.C., 9 F.R.D. 335; O'Donnell v. Breuninger, D.C., 9 F.R.D. 245; Howell v. Gray, D.C., 10 F.R.D. 268.

 The complaint alleges the date of the making of the agreement, but plaintiff fails to assert its duration or whether it was written or oral. Defendant is entitled to this information, since in the absence thereof, it cannot know whether to plead affirmative defenses based on applicable statutes of limitations and statutes of frauds. Reed v. General Implement Export Corp., D.C., 9 F.R.D. 182; Hartman Electrical Mfg. Co. v. Prime Mfg. Co., D.C., 9 F.R.D. 510. If the contract is in writing plaintiff is directed to set forth a copy; if oral, to set forth the substance of the essential terms thereof.

Since plaintiff has been directed to state the duration of the agreement, defendant's request for the time, during which the accounts were solicited is denied; acting "pursuant" to the agreement clearly means acting during the existence of the agreement. Defendant's request that plaintiff state the extent of the territory agreed upon and the places of solicitation of the accounts referred to in paragraph 6 of the complaint is denied; such information may be obtained by discovery methods: "The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial." Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451.

Although recovery may be had for the reasonable value of work, labor and services in the absence of an agreement, the second cause of action alleges that services were performed at an "agreed, fair and reasonable value." Thus it is not clear whether this cause of action is in quantum meruit or upon an express agreement. Plaintiff is, therefore, directed to state whether the services were rendered pursuant to an agreement and if so, whether it was written or oral. If in writing, plaintiff is directed to set forth a copy; if oral, to state the substance thereof.

Defendant also asks for the nature of the services and the place of performance. Plaintiff has described that it acted as a "sales representative", thus giving defendant sufficient knowledge for it to frame an answer, and, therefore, that aspect of the motion is denied.

Settle order on notice.