## In re NEW MOTOR VEHICLES CANADIAN EXPORT ANTITRUST LITIGATION

### MDL No. 1532.

United States District Court, D. Maine.

Sept. 7, 2004.

Robert S. Frank, Harvey & Frank, Portland, ME, for Plaintiffs.

William J. Kayatta, Jr., Pierce Atwood, Portland, ME, for Defendants.

## ORDER ON CERTAIN DEFENDANTS' MOTION TO DECLINE SUPPLEMENTAL SUBJECT–MATTER JURISDICTION AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION OVER STATE CLAIMS

HORNBY, District Judge.

I ruled previously in this lawsuit that retail purchasers and lessees can pursue a federal antitrust claim against motor vehicle manufacturers for injunctive relief, but not damages. *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 307 F.Supp.2d 136, 137 (D.Me.2004).[1] The plaintiffs then amended their complaint to add various state law claims that would allow a monetary recovery. Some, but not all, of the defendant manufacturers[2] moved to dismiss the state law claims for lack of personal jurisdiction, or on the basis that I should decline supplemental subject matter jurisdiction over the state law claims. After hearing oral argument on August 25, 2004, I conclude, first, that existing personal jurisdiction arising from the federal claim gives me jurisdiction to

---

**1.** *Illinois Brick Co. v. Illinois,* 431 U.S. 720, 746–47, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977), forecloses a federal antitrust damage remedy to indirect purchasers.

**2.** Honda Canada, Inc.; DaimlerChrysler Canada, Inc.; Mercedes–Benz Canada, Inc.; and the Canadian Automobile Dealers' Association ("CADA") ask that I require an independent state-law basis (not present here) for asserting personal jurisdiction on the state-law claims. DaimlerChrysler Canada, Inc.; Mercedes–Benz Canada, Inc.; and CADA substantively challenge the adoption of pendent personal jurisdiction. American Honda Motor Co.,

Inc.; Honda Canada, Inc.; DaimlerChrysler Corporation; DaimlerChrysler Motors Co., LLC; DaimlerChrysler Canada, Inc.; Mercedes–Benz USA, LLC; and Mercedes–Benz Canada, Inc. all argue that even if personal jurisdiction exists, I should decline supplemental jurisdiction over the state-law claims. The following defendants support this Court's jurisdiction: General Motors Corporation; General Motors of Canada, Ltd.; Ford Motor Company; Ford Motor Company of Canada, Ltd.; Toyota Motor Sales, USA, Inc.; Nissan North America, Inc.; and BMW of North America, LLC.

hear the state law claims (so-called pendent personal jurisdiction). I conclude, second, that I should not decline supplemental subject matter jurisdiction over the state law claims although I have the statutory discretion to do so. The motion to dismiss is therefore DENIED.

## I. ANALYSIS

### (A) Pendent Personal Jurisdiction

■ When a federal court has jurisdiction over a defendant for a federal claim, pendent personal jurisdiction allows the court to exercise personal jurisdiction as to state law claims based on the same operative facts as the federal claim, even if the state law claims do not themselves provide a basis for personal jurisdiction. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir.2004) (citations omitted). The Second, Third, Fourth, Seventh, Ninth, Tenth, and D.C. Circuits have all recognized pendent personal jurisdiction explicitly. *See IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056–57 (2d Cir.1993); *Robinson v. Penn Cent. Co.*, 484 F.2d 553, 555–56 (3d Cir.1973); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 628–29 (4th Cir.1997); *Robinson Eng'g Co. Pension Plan and Trust v. George*, 223 F.3d 445, 449–50 (7th Cir.2000); *Action Embroidery*, 368 F.3d at 1181; *United States v. Botefuhr*, 309 F.3d 1263, 1272–75 (10th Cir. 2002); *Oetiker v. Jurid Werke, G.m.b.H.*, 556 F.2d 1, 5 (D.C.Cir.1977). Quoting the Tenth Circuit, the Ninth Circuit observed in 2004 that "every circuit court of appeals to address the question [has] upheld the application of pendent personal jurisdiction." *Action Embroidery*, 368 F.3d at 1181 (quoting *Botefuhr*, 309 F.3d at 1273). I recognized pendent personal jurisdiction in this District in 2000. *Andrews v. Emerald Green Pension Fund*, 2000 WL 1473376, at *7–8, 2000 U.S. Dist. LEXIS 14545, at *23–24 (D.Me. Sept. 27, 2000).

Once again, I conclude that the First Circuit will recognize pendent personal jurisdiction, agreeing with the other seven Circuits that have addressed the issue.

■ In an earlier ruling, I found personal jurisdiction over certain Canadian defendants on the federal antitrust claim that motor vehicle manufacturers had conspired to avoid price competition by keeping Canadian motor vehicles out of the American market, *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 307 F.Supp.2d 145, 147 (D.Me.2004). In a Second Amended Complaint, the plaintiffs have added state law claims under state antitrust statutes, consumer protection statutes and the common law of unjust enrichment. The new claims arise out of the same underlying facts (the asserted conspiracy to avoid price competition) as those supporting the federal claim. (In adding the state claims the plaintiffs did not significantly alter the factual allegations of their complaint.) Therefore, pendent personal jurisdiction provides jurisdiction over these same defendants for the state law claims, because they arise out of the same nucleus of operative facts. *Action Embroidery*, 368 F.3d at 1180.

To be sure, Circuits that recognize pendent personal jurisdiction also say that the district court has discretion not to assert the jurisdiction. *See, e.g., Action Embroidery*, 368 F.3d at 1181 (quoting *Oetiker*, 556 F.2d at 5 ("[T]he district court may have discretion to dismiss the pendent claims where 'considerations of judicial economy, convenience and fairness to the litigants' so dictate.")). For the reasons I articulate below in discussing the discretionary decision over supplemental subject matter jurisdiction, I conclude that asserting jurisdiction here is a proper exercise of discretion. "[I]t is often reasonable to compel [a] defendant to answer other claims in the same suit arising out of a

common nucleus of operative facts." *Action Embroidery*, 368 F.3d at 1181. Here, it is in the interest of "judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties." *Id.*

■ Contrary to the defendants' argument, I conclude that the existence of personal jurisdiction as to the federal antitrust claim satisfies constitutional due process requirements for personal jurisdiction as to the state law claims as well. *See id.; ESAB*, 126 F.3d at 628–29. Where the federal and state law claims arise out of the same nucleus of operative facts, "according to the weight of authority, due process would not prevent obliging the defendant to defend against the state claim along with the federal claim under the doctrine of pendent personal jurisdiction." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1069.7 at 228–29 (3d ed.2002).[3] The defendants argue that their case is unique: that for the state law claims, the plaintiffs can obtain personal jurisdiction over these defendants in *no* state forum in the United States[4] and therefore should not be permitted to pursue their state claims in this federal court. I do not understand why that argument should succeed.[5] As the Fourth Circuit said in *ESAB*,

> Once a court has a constitutional case, in the Article III sense, properly before it, service by a court sufficient to assert

personal jurisdiction over a defendant by any authorized mechanism consistent with due process may be held to apply to the entire constitutional case.... Since the court has personal jurisdiction over the defendants..., we can find no constitutional bar to requiring the defendants to defend the entire constitutional case, which includes both federal and state claims arising from the same nucleus of facts, so long as the federal claim is not wholly immaterial or insubstantial.

126 F.3d at 628–29.

Nevertheless, certain defendants argue that the First Circuit will not accept pendent personal jurisdiction because of its holding in *Moreno v. United States*, 120 F.2d 128 (1st Cir.1941). In *Moreno*, a widow sued the government in federal court in Massachusetts, seeking benefits under a war risk insurance policy insuring her deceased husband. *Id.* at 129. Section 19 of the World War Veterans' Act, 1924, permitted the United States to implead into such a lawsuit anyone else claiming an interest in the insurance policy, regardless of where he or she lived. Accordingly, the government impleaded the policy's named beneficiary, a woman who lived in New Jersey. Subsequently, the plaintiff widow tried to add a direct claim for damages against the New Jersey resident for alienation of affections. Both

---

3. "Thus, a defendant who already is before the district court to defend a federal claim is unlikely to be severely inconvenienced by being forced to defend a state claim whose issues are nearly identical or substantially overlap. Notions of fairness simply are not offended in this circumstance." 4B Wright & Miller, *supra*, § 1117 at 189. To the degree that there is a need to consider the fairness of the forum, *see generally* 4 Wright & Miller, *supra*, § 1068.1, I observe that the Judicial Panel on Multidistrict Litigation's action in consolidating all the lawsuits and transferring them to Maine, a jurisdiction immediately ad-

jacent to Canada, operated to reduce the burden on the Canadian defendants.

4. It became apparent at oral argument that the plaintiffs do not agree with this assertion.

5. For example, a plaintiff may obtain personal jurisdiction over a defendant in Mississippi state court to assert a claim based upon Arkansas law, even though he could not obtain personal jurisdiction in Arkansas. I do not see why it should matter that the personal jurisdiction is obtained in a federal court instead of a state court.

the district court and the First Circuit held that she could not. *Id.* at 130.

The pendent state claim the plaintiff sought to raise in *Moreno* (alienation of affections) was *not* related to the underlying federal claim (entitlement to benefits under a government insurance policy). Pendent personal jurisdiction exists when the state claims for which there is no independent basis for jurisdiction and the federal claim for which there is personal jurisdiction *do* "arise[ ] out of a common nucleus of operative facts." *See Action Embroidery,* 368 F.3d at 1180 (citations omitted). Thus, the 1941 *Moreno* decision is not inconsistent with the later recognized doctrine of pendent personal jurisdiction. *Accord Amtrol, Inc. v. Vent–Rite Valve Corp.,* 646 F.Supp. 1168, 1174 n. 4 (D.Mass.1986) (distinguishing *Moreno* and applying doctrine of pendent personal jurisdiction); *Bertozzi v. King Louie Int'l, Inc.,* 420 F.Supp. 1166, 1172 n. 3 (D.R.I. 1976) (adopting narrow interpretation of *Moreno*). *But see Wilensky v. Standard Beryllium Corp.,* 228 F.Supp. 703, 706 (D.Mass.1964).

Therefore, pendent personal jurisdiction permits jurisdiction over the Canadian defendants on the state law claims.

### (B) Supplemental Subject Matter Jurisdiction

■ Because there is subject matter jurisdiction over the federal antitrust claim, 28 U.S.C. § 1367 also grants supplemental jurisdiction over "all other claims that are so related to [the federal claim] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (1993). The state law claims meet that standard. Certain defendants argue, however, that I should decline supplemental subject matter jurisdiction over the state law claims. The statute provides: "[D]istrict courts may decline to exercise supplemental jurisdiction over a claim ... if ... the claim substantially predominates over the claim or claims over which the district court has original jurisdiction ...." 28 U.S.C. § 1367(c)(2). According to the First Circuit, this language accords a district court "'broad discretion.'" *Che v. Mass. Bay Transp. Auth.,* 342 F.3d 31, 37 (1st Cir. 2003) (quoting *Vera–Lozano v. Int'l Broad.,* 50 F.3d 67, 70 (1st Cir.1995)). The focus is on "the totality of the circumstances" and consideration of issues such as "comity, judicial economy, convenience, fairness and the like." *Che,* 342 F.3d at 37 (citing *Roche v. John Hancock Mut. Life Ins. Co.,* 81 F.3d 249, 257 (1st Cir.1996); *Rodriguez v. Doral Mortg. Corp.,* 57 F.3d 1168, 1177 (1st Cir.1995)).[6]

The defendants focus primarily on convenience and judicial economy. They argue that accepting jurisdiction will vastly complicate discovery, class certification issues and trial. They point out the need for proof of in-state effects for some state laws, but highlight especially the damage difficulties, asserting that my *Illinois Brick* ruling removed the damage remedy from the case as it was then structured, and that the new state law claims will

---

**6.** The Third Circuit is arguably stricter in limiting district judges' discretion to decline supplemental jurisdiction. It holds that the "substantially predominate" standard is "a limited exception to the operation of the doctrine of pendent jurisdiction—a doctrine that seeks to promote judicial economy, convenience, and fairness to litigants by litigating in one case all claims that arise out of the same nucleus of operative fact." *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 789 (3d Cir.1995). Jurisdiction should be declined "only where there is an important countervailing interest to be served by relegating state claims to state court," "normally ... the case only where 'a state claim constitutes the real body of a case, to which the federal claim is only an appendage.'" *Id.* (citation omitted).

restore damage issues, with difficult variations from state to state.

First, I conclude that the projected discovery difficulties will be manageable. State law discovery will go forward, at least as to some states, regardless of what I do on this motion, because there are parallel lawsuits pending in a number of state courts. Fortunately, the parties have been cooperating in efforts to coordinate discovery in this federal multidistrict lawsuit with that in the state court lawsuits. Already, a number of the state jurisdictions have entered orders coordinating their discovery procedures with the federal action. The addition of some discovery issues to this multidistrict litigation is not enough to reject the state law claims.

Second, I will deal with class certification issues when the case reaches that stage.[7]

Third, I do not find the asserted trial difficulties to be especially significant. Moreover, under current Supreme Court precedent, *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998), these cases will all return to the districts where they originated once pretrial proceedings are complete. Some of the state law variations, therefore, will be handled by judges familiar with local law.

Two additional observations. First, this is a multidistrict lawsuit. Such lawsuits are expected to be complex. The Judicial Panel on Multidistrict Litigation gathers lawsuits from around the country and transfers them to a district with time and resources to deal with that complexity. It would be unhelpful in such a context to reject claims on the basis of complexity. Second, it is true that my earlier *Illinois Brick* ruling eliminated damages as the lawsuit was then structured. I never expected damages to go away entirely, however. The plaintiffs' lawyers assured me at oral argument on that earlier motion that they would add parties to avoid *Illinois Brick* if I ruled against them (as I did); I recognized that prediction in the decision itself. *In re New Motor Vehicles Canadian Exp. Antitrust Litig.,* 307 F.Supp.2d at 138–41. Although the plaintiffs have chosen not to follow their predicted course, but to add state claims instead, I have always expected that this multidistrict lawsuit, if it proceeded, would have to deal with damages. I am surprised if any of the lawyers thought otherwise. Moreover, even if I had the unexpected luxury of dealing only with liability and injunctive relief, I am sure that in discovery and at trial the parties would be discussing numbers related to damages. After all, the whole premise of this lawsuit is that the defendants' conduct resulted in illegal price differentials between Canadian and American cars, and that American consumers had to pay extra. Even to secure injunctive relief, the plaintiffs presumably will be required to prove such facts, and the defendants presumably will be arguing that any price differentials would have existed regardless. Argument over the scope of any injunction could also lead to consideration of such issues.

Yes, it would be easier for this individual federal judge not to have to address a variety of state laws in resolving the re-

---

7. I am puzzled by the defendants' reliance upon *Jones v. Ford Motor Credit Co.,* 358 F.3d 205 (2d Cir.2004) in their Reply Mem. at 6 n. 3. *Jones* stated that before a class has been certified "district courts should normally *not* dismiss the claims based *solely* on the problems that could arise if the class is eventually certified." *Id.* at 215 n. 9 (emphasis added) (citation omitted). No class has yet been certified in this case. Moreover, *Jones* counseled the district judge to craft the class certification order to avoid the supplemental jurisdiction issue. *Id.* at 216.

cently filed motion to dismiss or, if the claims survive the motion to dismiss, in the inevitable summary judgment practice to come. But accepting a multidistrict case means recognizing the likelihood of dealing with other laws. After all, not all multidistrict cases are premised on federal question jurisdiction. (Indeed, one might expect that if these state law claims were individually filed in other districts or were filed in state court and removed to federal court on the basis of diversity of citizenship, the Multidistrict Panel would send them to this District in any event.)

In this case, all the claims, state and federal, derive from the same underlying factual assertions. The heart of the case is still the alleged antitrust violation. The state issues are not "more important, more complex, more time consuming to resolve, or in any other way more significant than their federal counterparts." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 790 (3d Cir.1995), even though they make possible a wider remedy. *See In re Stat-Tech Secs. Litig.*, 905 F.Supp. 1416, 1426 (D.Colo.1995) (asserting supplemental jurisdiction because "[w]hile state law may predominate in terms of the comprehensiveness of remedies sought on the remaining state law claims, all of the Trust's claims stem from the same alleged misconduct of defendants").

I conclude that this single coordinated and consolidated pretrial proceeding in the District of Maine best furthers convenience, fairness, judicial economy, and re-duction of cost and expense for the parties. Federal-state comity has not been argued, but I observe that a number of the state courts with parallel lawsuits are joining the Consolidation Order that California Superior Court Judge Richard Kramer and I entered at the parties' joint request. I see no negative comity factors. In short, dealing with all the claims in the District of Maine furthers both the administration of justice and the goals of multidistrict litigation.[8]

In light of these considerations, I choose to exercise both supplemental jurisdiction over the newly-raised state-law claims and pendent personal jurisdiction over the moving defendants as to all state claims in the Second Amended Complaint.

### III. CONCLUSION

The Motion to Decline Supplemental Subject–Matter Jurisdiction and to Dismiss for Lack of Personal Jurisdiction Over State–Law Claims is **DENIED**.

**So ORDERED.**

---

8. The moving defendants claim that acceptance of jurisdiction over the state law claims that allow indirect purchasers to sue for damages violates federal policy against indirect purchaser suits and will lead to re-litigation of issues decided in my earlier order, *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 307 F.Supp.2d at 144. I disagree. The exercise of supplemental jurisdiction over the state claims does not violate federal policy against indirect purchaser suits for federal antitrust law or re-litigate issues decided in my previous order. *See California v. ARC Am. Corp.*, 490 U.S. 93, 103–05, 109 S.Ct. 1661, 104 L.Ed.2d 86 (1989) (finding that state statutes allowing recovery for indirect purchasers do not interfere with federal policy or remedies and that federal courts may accept or decline supplemental jurisdiction over state law indirect purchaser claims); *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 275 (D.Mass.2004).