SCHWING MOTOR COMPANY, Incorporated, a Maryland Corporation, Appellant,

v.

HUDSON SALES CORPORATION, a Michigan Corporation, Hudson Motor Car Company, a corporation of Michigan, Bankert Hudson, Inc., a Maryland Corporation, Martin A. Bankert, Frank Burnham, Claude W. Margetts, Appellees.

BELAIR ROAD HUDSON, Inc., a Maryland Corporation, Appellant,

v.

HUDSON SALES CORPORATION, a Michigan Corporation, Hudson Motor Car Company, a corporation of Michigan, Bankert Hudson, Inc., a Maryland Corporation, Martin A. Bankert, Frank Burnham, Claude W. Margetts, Appellees.

Nos. 7220, 7221.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 8, 1956.
Decided Dec. 17, 1956.

Wilson K. Barnes, Baltimore, Md. (D. Sylvan Friedman, Baltimore, Md., on the brief), for appellants.

William L. Marbury and Roger A. Clapp, Baltimore, Md. (John Martin Jones, Jr., Baltimore, Md., Richard W. Larwin, Detroit, Mich., John S. Stanley, Baltimore, Md., and Hershey, Donaldson, Williams & Stanley Baltimore, Md., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

These are appeals from orders dismissing on the pleadings actions by two local automobile dealers to recover damages under the Sherman and Clayton antitrust acts from an automobile manufacturer's sales corporation and a local dealer to whom an exclusive dealership or agency had been granted. The plaintiffs had formerly held dealership con-

tracts with the sales corporation of the manufacturer for dealing in the make of automobiles in question; but there is no claim of right to recover damages on account of breach of contract; and there is no allegation or contention that the exclusive dealership was a part of or incidental to any conspiracy or agreement to monopolize or restrain trade between manufacturers or wholesale dealers. The facts are fully stated in the opinion of the District Judge and we agree with him that no violation of the Sherman or Clayton Acts, 15 U.S.C.A. §§ 1–7, 12 et seq., 15 note is alleged for reasons adequately stated in his opinion, which is adopted as the opinion of this court. See Schwing Motor Co. v. Hudson Sales Corporation, D.C., 138 F.Supp. 899.

Affirmed.