P. H. MACHINERY, INC., a Minnesota corporation, Plaintiff,

v.

HARNISCHFEGER CORPORATION, a Wisconsin corporation, Defendant.

Civ. No. 5-61-36.

United States District Court
D. Minnesota,
Fifth Division.
July 19, 1962.

Robins, Davis & Lyons, St. Paul, Minn., for plaintiff.

Dorsey, Owen, Marquart, Windhorst & West, Minneapolis, Minn., for defendant.

DONOVAN, District Judge.

The above-entitled matter came on for hearing before the undersigned, one of the Judges of the above-named Court, at a Special Term thereof, at St. Paul, Minnesota, on the 28th day of May, 1962, upon the motion of defendant to dismiss count one of the complaint, or, in the alternative, for summary judgment on that count.

Dorsey, Owen, Marquart, Windhorst & West, Minneapolis, Minnesota, by Curtis L. Roy, appear as attorneys for defendant in support of said motion;

and

Robins, Davis & Lyons, St. Paul, Minnesota, by S. Robins, appear as attorneys for plaintiff in opposition thereto.

Plaintiff in count one of its complaint alleges violation of the Sherman Anti-Trust Act [1] and the Clayton Act.[2]

Briefly summarized, it is alleged in said count that defendant is a Wisconsin corporation engaged in the manufacturing of construction, mining, logging and industrial equipment and parts, and that plaintiff is a Minnesota corporation engaged in selling and servicing mining, logging and industrial equipment and parts. Among the states in which defendant does business and into which it ships its products in substantial quantities is the State of Minnesota.

In August of 1955, plaintiff and defendant entered into dealer agreements whereby plaintiff became a dealer in certain of the equipment manufactured by defendant. None of these agreements provided for an exclusive franchise. The agreements did provide, however, for plaintiff to sell, service, and maintain said equipment being used in northern Minnesota, and, pursuant to said agreements, plaintiff became actively engaged in this undertaking.

Included in the equipment manufactured by defendant are electric shovels. Plaintiff alleges that contemporaneously with plaintiff and defendant entering into the aforementioned dealer contracts, the defendant stated that plaintiff would obtain from the defendant electric shovel parts manufactured by defendant so as to enable plaintiff to sell replacement parts for said shovels. It is further alleged that since the commencement of its activities as a dealer in equipment manufactured by defendant, plaintiff has requested the right to obtain electric shovel parts from defendant in order to sell said parts to users of defendant's shovels, but that defendant has refused to transfer or sell said parts to plaintiff.

Plaintiff further alleges that at all times here pertinent defendant sold its

---

1. Title 15 U.S.C.A. §§ 1, and 2.

2. Title 15 U.S.C.A. § 15.

electric shovel parts through the Mesaba Service and Supply Company of Hibbing, Minnesota; that the purpose and result of defendant's exclusive dealing with Mesaba has been to conspire to eliminate competition and restrain trade, and to acquire a monopoly in the sale of said parts in northern Minnesota.

It is further alleged that as a direct and proximate result of the illegal acts of defendant, Mesaba has emerged as the sole supplier of electric shovel parts and the sole company able to service replacement parts for electric shovels. By reason thereof, the public is injured in being denied the benefits of free competition between part suppliers for electric shovels.

Defendant made a motion to dismiss count one for failure of the pleading to state a claim upon which relief can be granted, or, in the alternative, for summary judgment on that count.

Defendant contends that the allegations of the complaint raise the issue of whether defendant may market a product through a single distributor. It is argued that such exclusive distribution arrangements do not violate the anti-trust laws.[3] Defendant concludes that the complaint, therefore, fails to state a claim.

Plaintiff argues, in opposition to the motion, that the complaint does not merely allege that defendant has undertaken to market a product through a single distributor, but that it alleges a conspiracy in violation of Sections 1 and 2 of the Sherman Act. In addition the complaint alleges that defendant has monopolized or attempted to monopolize the sale of electric shovel parts in northern Minnesota.

In considering a motion to dismiss, it has been frequently stated that there is no justification for dismissing a complaint for insufficiency of statement unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim.[4] Likewise, in connection with the motion for summary judgment it has been repeatedly emphasized that this is an extreme remedy which places the burden of demonstrating the nonexistence of any genuine fact issue upon the moving party and requires that all doubts be resolved against him.[5]

It is undoubtedly true, as the cases cited by defendant indicate, that under certain circumstances an exclusive dealership agreement between a manufacturer and a dealer, similar to the one herein alleged, may not in and of itself constitute a violation of the anti-trust laws. However, the complaint not only alleges an exclusive dealership agreement between defendant and Mesaba, but goes on to allege that the purpose and result of such agreement has been to conspire to eliminate competition and restrain trade and to acquire a monopoly. A showing of such circumstances surrounding an agreement of this type might well make out a case for violation of the Sherman Anti-Trust Act, and, consequently, it does

3. In support of this proposition defendant cites:
 Addyston Pipe & Steel Co. v. United States, 175 U.S. 211, 20 S.Ct. 96, 44 L. Ed. 136; United States v. Bausch & Lomb Optical Co., 321 U.S. 707, 64 S.Ct. 805, 88 L.Ed. 1024; Schwing Motor Co. v. Hudson Sales Corp., 4 Cir., 239 F.2d 176; Packard Motor Car Co. v. Webster Motor Car Co., 100 U.S.App.D.C. 161, 243 F.2d 418; United States v. White Motor Company, D.C.Ohio, 194 F.Supp. 562.

4. Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302; Cohen v. United States, 8 Cir., 129 F.2d 733; Dennis v. Village of Tonka Bay, 8 Cir., 151 F. 2d 411.

5. Union Transfer Company v. Riss & Company, 8 Cir., 218 F.2d 553; Warner v. First National Bank of Minneapolis, 8 Cir., 236 F.2d 853.

not appear to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. Nor does an examination of the files and proceedings herein persuade the Court of the absence of a genuine material fact issue particularly in view of the complex nature of antitrust litigation.[6]

Therefore, defendant's motion to dismiss count one, or, in the alternative, for summary judgment on that count, is denied.

It is so ordered.

Defendant is allowed an exception.

6. Poller v. Columbia Broadcasting System, 368 U.S. 464, 469, 82 S.Ct. 486, 7 L.Ed.2d 458.