**EXPORT LIQUOR SALES, INC.,**
Plaintiff-Appellant,

v.

**AMMEX WAREHOUSE COMPANY, Inc.,**
and **Detroit & Canada Tunnel Corporation, Defendants-Appellees.**

No. 19336.

United States Court of Appeals,
Sixth Circuit.

May 11, 1970.

Wallace M. Handler, Detroit, Mich., for plaintiff-appellant; Lebenbom, Handler & Morganroth, Fred Morganroth, Detroit, Mich., on brief.

Elliott H. Phillips, Detroit, Mich., for defendant-appellee, Detroit and Canada Tunnel; Timothy D. Wittlinger, Hill, Lewis, Adams & Goodrich, Detroit, Mich., on brief.

Richard Ford, Detroit, Mich., for defendant-appellee, Ammex Warehouse Co., Inc.; Fischer, Sprague, Franklin & Ford, Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from the dismissal of a private antitrust suit for failure to state a claim on which relief could be granted. The facts are not in dispute. Appellee Detroit & Canada Tunnel Corporation owns or leases a vehicular tunnel between Detroit, Michigan, and Windsor, Ontario, and other property adjacent to the tunnel entrance in Detroit. Appellee Ammex Warehouse Company carries on an export liquor business. It sells liquor in the United States to persons about to enter Canada, and delivers the liquor to them on premises leased from the Tunnel Corporation beyond the toll gates at a location where travellers are irrevocably committed to foreign travel. Ammex has an exclusive contract with the Tunnel Corporation to conduct this business on tunnel premises, and for this privilege pays the Tunnel Corporation a certain percentage of its total sales. If liquor is exported in this manner, it may be purchased free of certain taxes and duties, and thus at a considerably lower price than in retail outlets in Michigan or Ontario.

Appellant Export Liquor Sales, Inc., apparently recognized the lucrative nature of this business and decided to compete with Ammex. Unable to acquire a tunnel location because of Ammex's exclusive lease, appellant secured premises near the tunnel entrance where it sold and issued receipts for liquor. Hired runners entered tunnel premises and delivered the merchandise to purchasers after they had paid the toll and committed themselves to cross the international boundary.

The Tunnel Corporation objected to these activities and brought suit in the Wayne County Circuit Court in Detroit to enjoin Export Liquor from trespassing on its premises. That court issued a temporary restraining order, and Export Liquor filed this suit in the United States District Court for damages and injunctive relief because of alleged antitrust violations.

We consider, first, appellant's contention that appellees have violated the Robinson-Patman Act, 15 U.S.C. § 13(d), because the Tunnel Corporation has in effect given Ammex a monopoly of export liquor sales in the Detroit-Windsor Tunnel. It is doubtless true that monopoly is a consequence of the Tunnel Corporation-Ammex lease, but the Robinson-Patman Act prohibits only price discrimination in the sale of goods. The Act is not concerned with what we have here (assuming arguendo that the exclusive lease amounts to price discrimination), a lease of realty. See Gaylord Shops, Inc. v. Pittsburgh Miracle Mile Town & Country Shopping Center, Inc., 219 F.Supp. 400 (W.D.Pa.1963). We agree that the Robinson-Patman count was properly dismissed.

Appellant also alleges that appellees' conduct violates the Sherman Act, 15 U.S.C. §§ 1, 2. This contention is untenable in view of Donovan v. Pennsylvania Co., 199 U.S. 279, 26 S.Ct. 91, 50 L.Ed. 192 (1905), in which the Supreme Court recognized the right of a railroad company operating a terminal to have an exclusive arrangement with one taxi company on its premises. In other words, a corporation with control over a unique location essential to the conduct of a certain kind of business can lease a part of that location to one entity and thereby give it an effective monopoly without violating the Sherman Act.

Despite its age, *Donovan* enjoys continued vitality. See E. W. Wiggins Airways, Inc. v. Massachusetts Port Authority, 362 F.2d 52, 56 (1st Cir. 1966); Parmalee Transp. Co. v. Keeshin, 292 F.2d 794 (7th Cir. 1961), cert. denied, 368 U.S. 944, 82 S.Ct. 376, 7 L.Ed.2d 340, reh. denied, 368 U.S. 972, 82 S.Ct. 437, 7 L.Ed.2d 401 (1962); Friend v. Lee, 95 U.S.App.D.C. 224, 221 F.2d 96, 100 n. 5 (1955); *cf.* Savon Gas Stations No. Six, Inc. v. Shell Oil Co., 309 F.2d 306 (4th Cir. 1962), cert. denied, 372 U.S. 911, 83 S.Ct. 725, 9 L.Ed.2d 719

(1963). And of course the Robinson-Patman Act did not reverse the *Donovan* rule insofar as it is relevant here, because, as we have seen, the Act has no application to this case.

■ Under the *Donovan* holding, the Tunnel Corporation may lease to Ammex and refuse to lease to Export Liquor space on the tunnel premises, so long as it does not discriminate among users of the utility *qua* utility, *i. e.*, motorists driving through the tunnel. We agree with the District Court that appellant's complaint does not state a cause of action under the Sherman Act.

The decision of the District Court is affirmed.