**TV SIGNAL COMPANY OF ABERDEEN, a Corporation, Plaintiff,**

v.

**AMERICAN TELEPHONE & TELEGRAPH, a Corporation, and Northwestern Bell Telephone Company, a Corporation, Defendants.**

Civ. 70–6N.

United States District Court,
D. South Dakota, N. D.

March 8, 1971.

H. I. King, Aberdeen, S. D., and Cole, Zylstra & Raywid, Washington, D. C., for plaintiff.

May, Boe & Johnson, by Harold C. Doyle, Sioux Falls, S. D., and Faegre & Benson by John D. French, Minneapolis, Minn., and Warren G. Austin, Omaha, Neb., for defendants.

## DECISION

BECK, District Judge.

This is a motion to dismiss the complaint and each of its three counts for alleged failure to state a claim on which relief can be granted on the grounds that it does not adequately allege the essential elements of any violation of the antitrust laws, on omissions adequately to allege facts necessary to show the defendants to have unlawfully restrained plaintiff's trade or to have combined or conspired for that purpose, or to have unlawfully discriminated against the plaintiff, or to have committed any act with intent to injure the plaintiff or to have engaged in the business which they are accused of monopolizing.[1]

The attack must and should be resolved within the plaintiff's self-imposed limitations and interpretations on the scope of its case as alleged in the eleventh paragraph of the complaint that:

"By telegram of April 9, 1969 and letter of July 11, 1969, Plaintiff TV Signal Company of Aberdeen requested Defendant Northwestern Bell to enter into a pole attachment agreement for the City of Aberdeen. Both of these requests resulted in denials by Defendant Northwestern Bell, necessitating Plaintiff to lay its cable under ground at a substantially greater cost than would have been incurred if cable had been strung on telephone poles. Defendant Northwestern Bell attributed the pole attachment demands to its, and Defendant AT & T's, announced policy of permitting only one attachment agreement per pole. Defendant Northwestern Bell indicated that it had already granted such attachment rights to Aberdeen Cable TV Service, Inc. a wholly-owned subsidiary of Midcontinent Broadcasting Company, Inc. (Midcontinent) and that, therefore, no attachment agreement could be granted to Plaintiff."

Such a construction of that paragraph is mandatory since it permits application of the rule that all of the allegations in a complaint to the extent they are well pleaded and material on a motion to dismiss are to be taken as admitted, Rule 12, Fed.R.Civ.P., 28 U.S.C.A., 2A Moore's Federal Practice, 2d Ed. §§ 1207–1208, and others also to the effect that different allegations in a pleading, considered as a whole, must be consistent, not such as to make for uncertainty, or to neutralize each other and yet another that where both general and specific allegations are made respecting the same matters, the latter will control. 71 C.J.S. Pleading § 42, pages 112–113 and § 56, pages 143–144.

Scrutinized and examined from that point of view with effect given to all other material allegations, the court finds the plaintiff in its defense to the motion depending entirely on the defendants' refusal to grant space on its within the City of Aberdeen located poles for construction of its TV service

---

1. Antitrust laws invoked and relied on to sustain each of the three counts in the complaint as to jurisdiction, venue, violations and damages are those in the Sherman and Clayton Acts, 15 U.S.C.A. §§ 4, 7, 12, 15 and 22, 28 U.S.C.A. §§ 1331, 1337 and 1391 and in amendments thereto which can and are to be applied.

lines, following an earlier grant of such a request to the Aberdeen Cable TV Service as it was in the process of installing its CATV services lines in that locality, on that refusal being a matter of policy not to grant more than one of such requests, on the denial for such space forcing the plaintiff to lay under ground cables at an increase in costs, great enough to warrant recovery of treble damages, and in its reliance on other allegations in the complaint to the effect that the defendants as they acquired their franchise for the erection of poles assumed a duty of responsibility, in the nature of a public trust, for use by others, the plaintiff included, in retransmitting broadcast signals via a network of coaxial cables to the homes of subscribers. Without access for such use, it is alleged, that the defendants are endowed virtually with powers to exclude plaintiff's proffered service into CATV. Also material, not alleged but before the court on this motion as a matter of law, is the Aberdeen Cable being a utility but without a franchise when this case was commenced and therefore not then authorized to engage in its CATV enterprise within the City of Aberdeen. Aberdeen Cable TV Service, Inc. v. City of Aberdeen, S.D., 176 N.W.2d 738.

Hence, a situation on the controlling material facts of the refusal having had reference to a transaction confined to Aberdeen and not one extending to interstate commerce, not involving a "commodity", space on a pole not within that term since the leasing of space on a pole in the ground fits no other description except as a part of real estate, not a "monopoly" or "restraint of trade", since a lease to one without a franchise could not have had that effect, not a case of "competition" in the CATV field, the defendants not having been so engaged, not a trust aside from conclusions that it did exist and not an "agreement or conspiracy in restraint of trade", but on the whole the leasing being no more than an ordinary transaction in the course of regular business to deal with the Aberdeen Cable TV and not the plaintiff. Arzee Supply Corp. of Conn. v. Ruberoid Co., 222 F.Supp. 237 (Conn.1963), Schwing Motor Co., v. Hudson Sales Corp., 239 F.2d 176 (4 Cir. 1956), Export Liquor Sales, Inc. v. Ammex Warehouse Co., 426 F.2d 251 (6 Cir. 1970), Donovan v. Pennsylvania Co., 199 U.S. 279, 26 S.Ct. 91, 50 L.Ed. 192, and Six Twenty-nine Productions, Inc. v. Rollins Telecasting, Inc., 365 F.2d 478 (5 Cir. 1966).

This decision is to be considered as the court's findings of fact and conclusions of law.

Accordingly, an order granting the motion for dismissal forthwith to be prepared by counsel for the defendants and to be submitted to the court for approval, with lease to the plaintiff within thirty days from the date of its entry to amend.